UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREW MACKMIN, BARBARA INGLIS, and SAM OSBORN, individually and on behalf of those similarly situated,<br><br>                    Plaintiffs,<br><br>      v.<br><br>VISA INC.; VISA U.S.A. INC.; VISA INTERNATIONAL SERVICE ASSOCIATION; and PLUS SYSTEM, INC.; MASTERCARD INCORPORATED and MASTERCARD INTERNATIONAL INCORPORATED d/b/a Mastercard Worldwide; BANK OF AMERICA, NATIONAL ASSOCIATION; NB HOLDINGS CORPORATION; BANK OF AMERICA CORPORATION; CHASE BANK USA, N.A. and JPMORGAN CHASE & CO.; JPMORGAN CHASE BANK, N.A.; WELLS FARGO & COMPANY and WELLS FARGO BANK, N.A.,<br><br>                    Defendants. | C.A. No.:  11-cv-1831<br>Assigned to:   Richard J. Leon |

**MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION FOR THE APPOINTMENT OF HAGENS BERMAN, QUINN EMANUEL AND MEHRI & SKALET AS INTERIM CO-LEAD CLASS COUNSEL FOR THE DIRECT PURCHASER CONSUMER CLASS PURSUANT TO FED. R. CIV. P. 23(G)**

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ................................................................................................. 1

II. BACKGROUND ................................................................................................. 5

III. ARGUMENT ...................................................................................................... 6

    A.  The Appointment Of Interim Co-Lead Counsel Is Appropriate ............................ 6

    B.  The Court Should Appoint Hagens Berman, Quinn Emanuel, And
        Mehri & Skalet As Interim Co-Lead Counsel For The Direct
        Purchaser Consumer Plaintiffs ................................................................... 7

        1.  Proposed Interim Co-Lead Counsel have done substantial
            work in identifying potential claims, defending those
            claims in this Court and on appeal, and have fully
            committed to this case ..................................................................... 7

        2.  Hagens Berman, Quinn Emanuel, and Mehri & Skalet Have
            the Requisite Experience and Substantive Expertise To
            Successfully Protect the Interests of the Direct Purchaser
            Consumer Plaintiffs. ....................................................................... 8

            a.  Hagens Berman Sobol Shapiro LLP. ............................................. 9

            b.  Quinn Emanuel Urquhart & Sullivan, LLP. ................................. 11

            c.  Mehri & Skalet, PLLC. ............................................................. 15

        3.  Proposed Interim Co-Lead Counsel will commit the time,
            staffing, and monetary resources necessary to prosecute
            these actions. ............................................................................. 18

IV. CONCLUSION ................................................................................................. 20

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Nat'l ATM Council, Inc. v. Visa, Inc.*,
  7 F. Supp. 3d 51 (D.D.C. 2013) ..................................................................................8

*\*Steele v. United States*,
  No. CV 14-1523, 2015 WL 4121607 (D.D.C. June 30, 2015) ..................................6

## OTHER AUTHORITIES

*Fed. R. Civ. P. 23(g) ..............................................................................................6, 7, 8

*MANUAL FOR COMPLEX LITIGATION § 10.22  (4th ed. 2009) .......................................6

*MANUAL FOR COMPLEX LITIGATION § 10.224  (4th ed. 2009) .................................8, 18

*MANUAL FOR COMPLEX LITIGATION § 21.271  (4th ed. 2009) ..................................... 7

Pursuant to Federal Rule of Civil Procedure 23(g), Plaintiffs Andrew Mackmin, Barbara Inglis and Sam Osborn (the "*Mackmin* Plaintiffs" or "Direct Purchaser Consumer Plaintiffs"), respectfully submit this memorandum in support of their unopposed motion to appoint Hagens Berman Sobol Shapiro LLP ("Hagens Berman"), Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel") and Mehri & Skalet, PLLC ("Mehri & Skalet") (collectively, "Proposed Interim Co-Lead Counsel") as Interim Co-Lead Counsel for the proposed class of Direct Purchaser Consumer Plaintiffs.

## I.      INTRODUCTION

This is a complex antitrust class action alleging that Visa and MasterCard, as well as certain of their member banks (collectively, "Defendants"), violated Section 1 of the Sherman Act by conspiring to fix at artificially high levels the fees ATMs charge customers when they withdraw cash from a foreign ATM ("ATM access fees").  Hagens Berman, Quinn Emanuel, and Mehri & Skalet move unopposed to be appointed Interim Co-Lead Counsel for the Direct Purchaser Consumer Plaintiffs.  The appointment of these firms as Interim Co-Lead Counsel for this proposed class will ensure that a unique combination of diverse capabilities, immense resources, and abundant relevant experience is brought to bear in the effective and efficient prosecution of the Direct Purchaser Consumers' claims.  Hagens Berman, Quinn Emanuel, and Mehri & Skalet are very highly qualified to lead the Direct Purchaser Consumer case for three main reasons.

*First*, Proposed Interim Co-Lead Counsel – who have already invested significant time and resources investigating and developing the Direct Purchaser Consumer Plaintiffs' claims, as well as representing them in their successful appeal of a prior decision of the Court dismissing the case – have the requisite resources to continue to represent the Direct Purchaser Consumer Plaintiffs.  Between them, Hagens Berman, Quinn Emanuel, and Mehri & Skalet have 19 offices

across the nation employing more than 700 attorneys.  Placing control of the Direct Purchaser

Consumer Plaintiffs' case in the hands of these three highly qualified firms will allow for

effective and efficient litigation of this large, complex antitrust class action.  With offices across

the country, Proposed Interim Co-Lead Counsel are well positioned to efficiently pursue

discovery and minimize travel-related expenses.

This case will likely require Direct Purchaser Consumer counsel to expend millions of

dollars in expenses and attorney time in opposition to the substantial law firms and large

corporations arrayed against them.  For comparison, in *In re TFT-LCD (Flat Panel) Antitrust*

*Litigation* – another complex antitrust case involving multiple defendants – over the course of

five years, counsel for the direct purchaser class expended more than 250,000 hours prosecuting

the class's claims, and $6 million in expenses, before reaching a settlement with several

defendants.  (The litigation continued as to other defendants.)[1]  Hagens Berman, Quinn

Emanuel, and Mehri & Skalet are well positioned to cover these expenses and to commit

substantial resources to ensure the effective progression of this case, as they have done in many

other large cases.  Moreover, unlike typical plaintiffs' firms, Quinn Emanuel handles the

majority of its work (whether for defendants or plaintiffs) on an hourly fee basis, such that the

firm does not depend on contingent fees for its short term cash needs.  Quinn Emanuel thus has

the resources to litigate a contingent fee case for as long as necessary to achieve a compelling

outcome for the class.

*Second*, the quality and depth of relevant experience of the attorneys at Hagens Berman,

Quinn Emanuel, and Mehri & Skalet are unparalleled.  Together, the movant firms have decades

of experience prosecuting some of the most important complex antitrust class actions in the

---

[1] Order Granting Motion for Attorney Fees, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No.
3:07-md-01827 (N.D. Cal. Dec. 27, 2011), Dkt. 4436.

nation.  The attorneys at these firms possess significant experience in leading every aspect of a complex antitrust action like this one, and have a proven track record of highly successful outcomes in these types of cases.  They have deposed and defended some of the world's preeminent industrial organizational economists, successfully tried many large cases to verdict, and argued in numerous appellate courts, including the U.S. Supreme Court and the U.S. Court of Appeals for the D.C. Circuit.

This broad experience has produced outstanding results.  To note just a few prominent examples:   In the *Electronic Books Antitrust Litigation* against Apple and others,[2] Hagens Berman and its co-counsel secured settlements that could total more than $550 million – approximately *twice* the damages estimated by the class's expert.  And in the *Toyota Unintended Acceleration Litigation*, Hagens Berman secured a $1.6 billion settlement, the largest automobile class settlement in history, with consumers receiving 100 percent of their losses and 2.6 million cars receiving a safety upgrade.[3]  Quinn Emanuel and its co-lead counsel also secured over $430 million in settlements for anti-competitive behavior by the manufacturers of flexible polyurethane foam (a widely used cushioning product)[4] – settlements constituting over 50% of the Class expert's best case single damages estimate, and over 80% of the expert's more conservative alternative damages estimate.  In addition, Quinn Emanuel and its co-counsel recently garnered over $1.86 billion in settlements in an action concerning collusion by 12 international banks to block exchange trading venues for credit default swaps.[5]

---

[2] *In re Elec. Books Antitrust Litig.*, 11-md-2293 DLC (S.D.N.Y.).

[3] *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig.*, No. 10-md-02151 (C.D. Cal.).

[4] *In re Polyurethane Foam Antitrust Litig.*, No. 10-md-2196 (N.D. Ohio).

[5] *In re Credit Default Swaps Antitrust Litig.*, No. 13-md-2476 (S.D.N.Y.).

*Finally*, Proposed Interim Co-Lead Counsel have specialized experience litigating similar cases involving payment card systems and ATM Networks.  As described more fully below, Hagens Berman helped lead a record-breaking antitrust case against Visa and MasterCard, which resulted in a $3.05 billion cash settlement and injunctive relief valued at more than $20 billion.[6] Quinn Emanuel's attorneys served as co-lead counsel in litigation challenging the monopolistic practices, and anticompetitive agreements, of the largest issuer and processor of credit card transactions by truck fleets at truck stops – a litigation that yielded settlements of $130 million in cash plus practice changes valued at an additional hundreds of millions of dollars.[7]  Quinn Emanuel's attorneys are representing The Home Depot in its pending challenge to the $7 billion settlement in the antitrust litigation concerning interchange fees charged by Visa and MasterCard.[8]  Quinn Emanuel's attorneys also have represented Discover Financial Services and its subsidiary Pulse Network LLC, the third-largest debit/ATM network in the United States, in multiple antitrust cases actions against Visa and MasterCard, including an ongoing case alleging that Visa has engaged in anti-competitive conduct to maintain a monopoly in the debit card network services market[9] and a private antitrust action for damages based on harm caused by Visa and MasterCard through the enactment of exclusionary rules that prevented Visa and MasterCard member banks from issuing American Express and Discover cards.[10]  Proposed Interim Co-Lead Counsel are thus familiar with and well-prepared to litigate many of the legal, factual, and economic issues that are likely to arise in this case.

---

[6] *In re Visa Check/Mastermoney Antitrust Litig.*, No. 96-cv-05238 (E.D.N.Y).

[7] *Universal Delaware v. Comdata Corp.*, No. 07-md-1078 (E.D. Pa.)

[8] *In re Payment Card Interchange Fee & Merchant Discount Antitrust Litig.*, No. 05-MD-1720 (JG)(JO) (E.D.N.Y.).

[9] *Pulse Network LLC v. Visa Inc.*, No. 14-cv-03391 (S.D. Tex.).

[10] *Discover Fin. Servs. v. Visa U.S.A. Inc., et al.*, No. 04-CV-7844 (S.D.N.Y.).

Given the combination of their specialized experience, resources, and respective records of achieving outstanding results for their clients, Proposed Interim Co-Lead Counsel are supremely qualified to represent the interests of the Direct Purchaser Consumer Plaintiffs.  For these reasons, Plaintiffs respectfully request that Hagens Berman, Quinn Emanuel, and Mehri & Skalet be appointed Interim Co-Lead Counsel for the Direct Purchaser Consumer Plaintiffs.

## II.      BACKGROUND

This case, brought against both Visa and MasterCard as well as certain of Visa's and MasterCard's member banks, is an action challenging as violations of Section 1 of the Sherman Act Defendants' ATM access fee restraints, which prohibit ATM operators from charging a lower access fee for transactions processed over a non-Visa or non-MasterCard rival ATM network.  Plaintiffs seek recovery of ATM access fee overcharges on behalf of all individuals and entities that paid an ATM access fee for a foreign ATM transaction[11] directly to any bank.

This is one of three pending actions challenging Defendants' anti-competitive conduct in enacting the ATM access fee restraints, but is the only one brought on behalf of consumers who paid an ATM access fee for a foreign ATM transaction directly to any of Visa's or MasterCard's member banks.  The remaining two actions are brought on behalf of all persons in the United States who were charged an ATM access fee at an independent ATM (*Stoumbos, et al. v. Visa, Inc., et al.*, No. 11-cv-1882 (D.D.C.)) and on behalf of non-bank operators of ATM terminals, including registered independent service organizations ("ISOs") and their affiliates that operate ATM terminals in the United States (*Nat'l ATM Council, Inc., et al. v. Visa. Inc., et al.*, No. 11-cv-1803 (D.D.C.)).

---

[11]  Foreign ATM transactions involve a customer of one bank withdrawing money from his or her account using an ATM owned and/or operated by another bank.

On November 22, 2011, the Court issued an order indicating that, because of the common questions of law and fact in the related cases, it intended to consolidate them.  The ATM Operator Plaintiffs opposed consolidation and proposed that the cases instead be coordinated, No. 11-cv-1803, Dkt. 10, and, since that time, the parties have treated the related cases as coordinated.

On November 23, 2015, the Court granted an unopposed motion to appoint certain law firms as interim co-lead counsel for the putative ATM Operator class.

## III.   ARGUMENT

### A.   The Appointment Of Interim Co-Lead Counsel Is Appropriate

Pursuant to Federal Rule of Civil Procedure 23(g)(3), the Court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."  Fed. R. Civ. P. 23(g)(3).  Similarly, the *Manual for Complex Litigation* ("*Manual*") recommends that the Court select and authorize one or more attorneys to act on behalf of other counsel and their clients early in the proceedings.  *Manual* § 10.22 (4th ed. 2009).  Counsel so designated "assume a responsibility to the court and an obligation to act fairly, efficiently, and economically in the interests of all parties and parties' counsel."  *Id.*

Courts look to the factors enumerated in Rule 23(g)(1)(A) to guide the selection of interim class counsel.  *See Steele v. United States*, No. CV 14-1523, 2015 WL 4121607, at *3 (D.D.C. June 30, 2015) ("Rule 23(g), which outlines the factors a court must consider when appointing class counsel, applies equally to the appointment of interim class counsel before certification."); *In re Rail Freight Fuel Surcharge Antitrust Litig.*, MDL No. 1869, 07-mc-00489-PLF-GMH, (D.D.C.), Dkts. 71 and 72 (applying the factors in appointing interim co-lead class counsel).  Under that Rule, the Court must consider:

     (i)    the work counsel has done in identifying or investigating potential claims in the action;

     (ii)   counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

    (iii)  counsel's knowledge of the applicable law; and

    (iv)  the resources that counsel will commit to representing the class.

*See* Fed. R. Civ. P. 23(g)(1)(A)(i-iv) & (B); *see also Manual* § 21.271.  Courts may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class."  Fed. R. Civ. P. 23(g)(1)(B).  "No single factor should necessarily be determinative in a given case."  Fed. R. Civ. P. 23 advisory committee note (2003).

As set forth below, applying these criteria militates strongly in favor of appointing Hagens Berman, Quinn Emanuel, and Mehri & Skalet as Interim Co-Lead Counsel for the Direct Purchaser Consumer Plaintiffs.

**B.    The Court Should Appoint Hagens Berman, Quinn Emanuel, And Mehri & Skalet As Interim Co-Lead Counsel For The Direct Purchaser Consumer Plaintiffs**

    **1.    Proposed Interim Co-Lead Counsel have done substantial work in identifying potential claims, defending those claims in this Court and on appeal, and have fully committed to this case.**

Since 2011, Hagens Berman and Mehri & Skalet devoted significant time and resources to investigating the facts and potential claims in this case, and were retained by plaintiffs Andrew Mackmin, Barbara Inglis, and Sam Osborn.  The drafting of the complaint, and briefing on the motions to dismiss and to amend the complaint, required extensive research into antitrust law and the market for ATM services.  Proposed Interim Co-Lead Counsel have consulted with and retained industry experts and economists regarding the Direct Purchase Consumer Plaintiffs' claims.

Since that time, Proposed Interim Co-Lead Counsel have actively defended those claims. After the Court denied Plaintiffs' motions for leave to amend their complaints on December 19, 2013, *Nat'l ATM Council, Inc. v. Visa, Inc.*, 7 F. Supp. 3d 51 (D.D.C. 2013), Plaintiffs appealed. Proposed Interim Co-Lead Counsel led and coordinated briefing of the successful appeal, which was argued by Hagens Berman's Managing Partner, Steve W. Berman.

Proposed Interim Co-Lead Counsel have also worked cooperatively and efficiently alongside counsel for the indirect consumer plaintiffs, Finkelstein Thompson LLP, and with Interim Co-Lead Counsel for the ATM Operator class.  Proposed Interim Co-Lead Counsel's positive relationship with both groups of counsel will facilitate coordination between the proposed classes.

> **2.     Hagens Berman, Quinn Emanuel, and Mehri & Skalet Have the Requisite Experience and Substantive Expertise To Successfully Protect the Interests of the Direct Purchaser Consumer Plaintiffs.**

As discussed below and in the firm profiles attached as exhibits to the concurrently-filed Declaration of Steve W. Berman ("Berman Decl."), Hagens Berman, Quinn Emanuel, and Mehri & Skalet have the requisite relevant experience and superior knowledge of the relevant law to effectively serve as Interim Co-Lead Counsel for the Direct Purchaser Consumer Plaintiffs.  *See* Rule 23(g)(1)(A)(ii-iii); *Manual* § 10.224.

Likewise, should this case proceed to trial, Proposed Interim Co-Lead Counsel possess significant trial experience – a rarity in a field where the vast majority of cases settle prior to trial.  Hagens Berman was recently selected for inclusion on *The National Law Journal* and Law.com's 2014 inaugural list of "Elite Trial Lawyers," recognizing law firms that "have done exemplary and cutting-edge work on behalf of their clients and are established leaders in the area of plaintiff law."  Quinn Emanuel, which was listed in *The American Lawyer's* 2014 Litigation Power Rankings and as a finalist in the "General Litigation" category by *The American Lawyer*

in its 2016 "Litigation Department of the Year" competition, tries more cases than almost any other major law firm in the nation.  The firm's partners have first-chaired over 2,400 trials and arbitrations, and won over 88%, including five 9-figure jury verdicts.  In recent years, the firm has always handled at least one trial or arbitration per year involving $1 billion dollars or more in alleged damages.

As demonstrated below, these skills have directly benefited Proposed Interim Co-Lead Counsel's clients in the form of significant victories and settlements.

### a.      Hagens Berman Sobol Shapiro LLP.

Hagens Berman has more than 100 lawyers and offices across the United States, including in Washington, D.C.  Since its founding in 1993, Hagens Berman has represented plaintiffs in a broad spectrum of complex, multi-party antitrust cases.  Hagens Berman was named to *The National Law Journal's* Plaintiffs' Hot List in 2006, 2007, and each of the years 2009 to 2013.  In 2014, The *National Law Journal* named Hagens Berman to its inaugural list of America's Elite Trial lawyers – a compilation of the nation's leading firms bringing about significant change and major plaintiffs' settlements in complex litigation.  A copy of the firm's resume is attached as Exhibit A to the Berman Declaration.

The Hagens Berman attorneys principally responsible for this litigation will include partners Steve Berman and Jennifer Fountain Connolly.  Mr. Berman has served as lead or co-lead counsel in antitrust, securities, consumer, products liability, and employment class actions and complex litigations throughout the country.  For example, Mr. Berman was the lead trial lawyer in *In re Pharmaceutical Industry Average Wholesale Price Litig.*, MDL No. 1456 (D. Mass.).  He, along with a trial team that included Ms. Connolly, tried the class case against four manufacturers and successfully argued the appeal from the trial before the First Circuit.  Mr. Berman was also the lead counsel in *New England Carpenters Health Benefits Fund v. First*

*DataBank, Inc.*, No. 05-cv-11148 (D. Mass.), on behalf of a nationwide class of private payors that purchased prescription brand name drugs.  Hagens Berman achieved a $350 million settlement 11 days before trial was scheduled to start.  Mr. Berman was also lead counsel in *In re Charles Schwab Corp. Secs. Litig.*, No. 08-cv-01510 (N.D. Cal.), a securities class action before the Honorable William Alsup, United States District Court, Northern District of California, that settled for approximately $235 million or a 42.5 percent recovery for the federal class and an 80 percent recovery for the California class, once again on the eve of trial.

Recently, in *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig.*, No. 10-md-02151 (C.D. Cal.), Judge James V. Selna *sua sponte* identified Mr. Berman as a presumptive co-lead counsel when Judge Selna was assigned the Toyota MDL. In the high-profile *GM Ignition Switch Multidistrict Litigation*, Judge Furman also *sua sponte* appointed Mr. Berman as a co-lead class counsel.

Mr. Berman served as a special assistant attorney general for the states of Washington, Arizona, Illinois, Indiana, New York, Alaska, Idaho, Ohio, Oregon, Nevada, Montana, Vermont, and Rhode Island in the landmark Tobacco Litigation.  That case resulted in the largest settlement in history, a settlement that occurred while Mr. Berman was in trial in *Washington v. Philip Morris*.

Ms. Connolly, a partner at Hagens Berman who leads its Washington, D.C. office, will be actively involved in this case on a day-to-day basis.  She has litigated antitrust cases since being an Assistant Attorney General in the Colorado Attorney General's office in 1998.  At Hagens Berman, she has had key responsibilities in some of the firm's largest and most complex cases. She had a significant role in litigation against McKesson Corporation alleging the company engaged in a scheme that raised the prices of more than 400 brand-name prescription drugs

which resulted in a $350 million settlement on the eve of trial, as well as subsequent cases against McKesson brought by a class of municipalities ($82 million settlement) and numerous state attorneys general, including *Utah v. McKesson Corp.*, No. 10-cv-04743 (N.D. Cal.); *Virginia v. McKesson Corp.*, No. 11-cv-02782 (N.D. Cal.); and *Oregon v. McKesson Corp.*, No. 11-cv-05384 (N.D. Cal.). Ms. Connolly was also a key member of the Hagens Berman-led team that successfully tried the Average Wholesale Price litigation against four pharmaceutical company defendants, obtaining a verdict that was subsequently affirmed in all respects by the First Circuit Court of Appeals.

Recent examples of the successes Hagens Berman's attorneys have achieved as lead counsel in complex antitrust cases include:

- ***In re Elec. Books Antitrust Litig.*, No. 11-md-02293 (S.D.N.Y.):** Hagens Berman is co-lead counsel in this complex litigation involving six defendants, 33 State Attorneys General and the Department of Justice. Settlements in the case could total over $550 million, representing recovery of approximately double class members' damages.

- ***In re DRAM Antitrust Litig.*, No. 02-md-01486 (N.D. Cal.):** The firm played a key role in this class-action suit against the leading Dynamic Random Access Memory (DRAM) manufacturers, claiming the companies secretly agreed to reduce the supply of DRAM, which artificially raised prices. DRAM is a necessary component in a wide variety of electronics including personal computers, cellular telephones, digital cameras, and many other devices, and the class included equipment manufacturers, franchise distributors, and smaller-volume customers who purchased DRAM. The case settled for $345 million.

- ***In re Visa Check/Mastermoney Antitrust Litig.*, No. 96-cv-05238 (E.D.N.Y.):** As mentioned above, Hagens Berman helped lead this record-breaking antitrust case against Visa and MasterCard, which resulted in a $3.05 billion cash settlement and injunctive relief valued at more than $20 billion. The suit challenged charges imposed in connection with debit cards. As co-lead counsel in this matter, the firm assisted in setting strategy and providing oversight on all aspects of the case.

   b.     **Quinn Emanuel Urquhart & Sullivan, LLP.**

As the largest firm in the nation devoted solely to business litigation – with over 700 litigators worldwide, including 80 in its Washington, D.C. office – Quinn Emanuel has been

described as a "global force in business litigation" by the *Wall Street Journal* and a "litigation powerhouse" by *The American Lawyer*. *See* Berman Decl., Exs. B & C. In 2012, *Law360* recognized Quinn Emanuel as having one of the top five competition law practices in the nation and in 2015 as a "Practice Group of the Year" for class actions. *See* Berman Decl., Exs. D & E. *The Recorder* recognized Quinn Emanuel as Antitrust Litigation Department of the Year in 2015. *See* Berman Decl., Ex. F. In the past 18 months, the firm has recovered over $2.5 billion for antitrust plaintiffs. Quinn Emanuel's firm resume is attached as Exhibit L to the Berman Declaration.

Stephen R. Neuwirth, chair of Quinn Emanuel's worldwide antitrust practice and who is the Quinn Emanuel attorney principally responsible for this litigation, is one of the nation's most prominent and successful antitrust attorneys. He has served as lead counsel in some of the most significant antitrust class actions in the nation, and has recovered over $800 million for antitrust plaintiffs in the past 18 months alone. Mr. Neuwirth was recognized by *The National Law Journal* in 2015 as an Antitrust "Trailblazer"; by *Law360* in 2014 as a "Titan of the Plaintiffs Bar"; and in 2012 as one of just eight competition law "MVPs" nationwide; and he has been ranked by *Chambers USA* nationally for Plaintiffs' Antitrust. *See* Berman Decl., Exs. G-J. *Chambers USA* has described Mr. Neuwirth as "renowned for his deep understanding of corporate transactions and antitrust matters" and "recognized as a 'leading light' for his plaintiffs' work." Berman Decl., Exs. I & J. Mr. Neuwirth served as Associate White House Counsel to President Clinton from 1993-1996, and in 1998 the Department of Justice retained him to assist in the Antitrust Division's initial District Court litigation against Microsoft Corporation. *See* Berman Decl., Ex. K.

As also noted above, Mr. Neuwirth has recovered more than $800 million for antitrust plaintiffs in the past 18 months in matters where he has served as lead or co-lead counsel.  This includes the class action on behalf of direct purchasers of flexible polyurethane foam ($430 million in settlements),[12] the class action on behalf of independent truck stops challenging anticompetitive agreements and practices by the largest supplier of truck fleet credit cards ($130 million cash, plus practice changes valued at hundreds of millions of dollars more),[13] and non-class claims on behalf of a major U.S. manufacturer that was the victim of a bid rigging cartel (more than $240 million).  Mr. Neuwirth continues to serve as lead counsel *In re Rail Freight Fuel Surcharge Antitrust Litig.* (D.D.C.) (Friedman, J.), one of the most significant pending antitrust cases in the nation.

Mr. Neuwirth's personal experience concerning credit card fees includes not only the aforementioned litigation concerning truck fleet credit cards, but also representing The Home Depot in its pending challenge to the $7 billion settlement of antitrust litigation concerning interchange fees charged by Visa and MasterCard.  *See In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, No. 05-MD-1720 (JG)(JO) (E.D.N.Y.).

In addition to the *In re Credit Default Swaps Antitrust Litig.*, No. 13-md-2476 (S.D.N.Y.), and *In re Polyurethane Foam Antitrust Litig.*, No. 10-md-2196 (N.D. Ohio), matters discussed above (in which Quinn Emanuel as co-lead counsel has recovered more than $2.5 billion in settlements), Quinn Emanuel has served as lead counsel on behalf of plaintiffs several other significant antitrust class actions in recent years, including:

- ***Universal Delaware, Inc. v. Comdata Corp.*, No. 07-md-1078 (E.D. Pa.):**  Quinn Emanuel, with Mr. Neuwirth heading the firm's team, served as co-lead counsel in this class action concerning monopolization in the market for truck fleet credit cards used at

---

[12]   *In re Polyurethane Foam Antitrust Litigation* (N.D. Ohio).

[13]   *Universal Delaware v. Comdata Corp.*, No. 07-md-1078 (E.D. Pa.).

truck stops.  After defeating multiple motions to dismiss, conducting fact and expert discovery, and defeating Defendants' motions to exclude plaintiffs' experts, Quinn Emanuel and its co-lead counsel secured settlements providing over $130 million in cash and practice changes valued in the hundreds of millions of dollars.

- ***In re Processed Egg Prod. Antitrust Litig.*, No. 08-md-2002 (E.D. Pa.):**  Quinn Emanuel represents a now-certified national class of direct purchasers of shell eggs in this case alleging an industry-wide price fixing conspiracy to raise the price of eggs.  Although Quinn Emanuel has not formally been appointed lead counsel and did not seek such a formal appointment, Mr. Neuwirth has been the lead advocate for plaintiffs in successfully arguing against the defendants multiple motions to dismiss; defending Plaintiffs' economist at an evidentiary hearing on Defendants' *Daubert* motion to exclude the economist; and serving as first chair at the evidentiary hearing on class certification, which the Court granted in 2015.  Quinn Emanuel's appellate team, under Mr. Neuwirth's supervision, also was responsible for preparing the class's opposition to the Defendants' Rule 23(f) application to the Third Circuit, seeking to appeal the grant of class certification.  Based on the parties' written submissions, including Quinn Emanuel's brief, the Third Circuit denied that application.  To date, the class has recovered more than $50 million in settlements from some of the original defendants in the case.

- ***In re Rail Freight Fuel Surcharge Antitrust Litig.*, No. 07-mc-489 (D.D.C.):**  Judge Friedman appointed Quinn Emanuel interim co-lead counsel for direct purchasers suing the four major freight railroads for conspiring to fix shipping rates using fuel surcharges.  In June 2012, the court granted the plaintiffs' motion for class certification on the basis of an extraordinary evidentiary record and an expert report that utilized the full set of defendants' transactional data for the entire relevant period.  The D.C. Circuit has since remanded the class certification order to allow the district court to consider a specific issue related to the plaintiffs' expert report in light of the Supreme Court's decision in *Comcast Corp. v. Behrend.*

- ***In re Commodity Exchange, Inc., Gold Futures & Options Trading Litig.*, No. 14-md-2548 (S.D.N.Y.):**  Quinn Emanuel serves as interim co-lead counsel in this multi-district litigation alleging that six international banks conspired to manipulate world gold prices.

- ***Alaska Electrical Pension Fund v. Bank of America Corp.*, No. 14-cv-7126 (S.D.N.Y.):**  Quinn Emanuel serves as interim co-lead counsel in this multi-district litigation against 14 international banks accused of manipulating "ISDAfix," an interest rate benchmark used in a variety of financial derivatives.

Quinn Emanuel's attorneys also have experience litigating antitrust actions against Visa and MasterCard concerning, among other things, their exclusionary ATM network practices. This includes, for example, the firm's current representation of Pulse Network in *Pulse Network LLC v. Visa Inc.*, No. 14-cv-03391 (S.D. Tex.), in which Pulse alleges that Visa has engaged in

numerous anti-competitive practices to solidify its dominance in the provision of signature debit network services in the United States.

Mr. Neuwirth's partner Adam Wolfson also will be actively involved in litigating this case. Mr. Wolfson is one of Quinn Emanuel's rising stars in the antitrust, class action, and trial practices. Most recently, he served as one of the lead attorneys in the *Polyurethane Foam* antitrust class action, with key day-to-day responsibilities in that case against eight separate defendants, where class plaintiffs recovered over $430 million in settlements. Mr. Wolfson helped other clients in 2014 and 2015 obtain an additional several hundred million dollars of settlements related to antitrust actions, and was a central part of a trial team that obtained a $283 million patent infringement and breach of contract jury verdict in the Southern District of California in early 2014. He also has the distinction of being one of the very few practicing attorneys to have obtained a *Walker Process* fraud antitrust verdict.

Lauren Misztal also will be part of the Quinn Emanuel team litigating this case. Ms. Misztal graduated *cum laude* from Georgetown University Law Center in 2007. Prior to joining Quinn Emanuel in 2012, Ms. Misztal served as a law clerk to the Honorable Lawrence M. Baskir on the United States Court of Federal Claims and was a trial attorney in the Commercial Litigation Branch of the Civil Division of the United States Department of Justice for three years. Ms. Misztal has extensive experience handling complex commercial cases. She has been recognized as a "Rising Star" in the field of business litigation in Washington, D.C. by *Super Lawyers* every year since 2014.

### c.    Mehri & Skalet, PLLC.

Mehri & Skalet, PLLC is a Washington, DC law firm that litigates a wide range of class action and impact litigation on behalf of consumers, employees, and whistleblowers. The firm has litigated and achieved victories in cutting-edge class action cases since its founding in 2011,

including cases in this Court.  Mehri & Skalet is co-lead counsel in *Brown et al. v. Medicis Pharmaceutical Corp.*, No. 1:13-CV-1345 (RJL) (D.D.C.), a gender discrimination class action. In August 2015, this Court granted preliminarily approval of a $7.1 million settlement for a class of 225 current and former sales employees of Medicis.

Mehri & Skalet also served as co-lead counsel in a sex discrimination class action against Wachovia Corp. and its successor, Wells Fargo & Co., captioned *Carter v. Wells Fargo Advisors LLC*, No. 09-CV-1752 (CKK) (D.D.C.).  In 2011, this Court approved a settlement that provided $32 million to the class, as well as comprehensive programmatic relief.  Mehri & Skalet also served as lead counsel in *Augst-Johnson v. Morgan Stanley & Co., Inc.*, No. 1:06-CV-1142 (RWR) (D.D.C.), a gender discrimination class action.  In 2007, this Court approved a settlement providing $46 million to plaintiffs and significant programmatic relief.  The firm's resume is attached as Exhibit M to the Berman Declaration.

Craig Briskin, a partner at Mehri & Skalet, will be actively involved in litigating this case.  He primarily litigated antitrust class actions for seven years as an associate with the New York firm of Labaton Sucharow LLP, as class counsel for consumers and third-party payors in successful cases that included *In re Buspirone Antitrust Litig.*, MDL No. 1410 (S.D.N.Y.) ($90 million), *In re Augmentin Antitrust Litig.*, No. 02-CV-442 (E.D. Va.) ($29 million), and *In re Air Cargo Shipping Services Antitrust Litig.*, No. 06-MD-1775 (E.D.N.Y.) (total settlements over $1 billion).  In addition, he was actively involved as co-lead class counsel in *In re Natural Gas Commodity Litig.*, No. 03-CV-6186 (S.D.N.Y.), and had day-to-day responsibility for managing plaintiffs' discovery and class certification efforts in a case that included two dozen energy company defendants.  After plaintiffs prevailed on their motion for class certification, they

obtained settlements in the case totaling over $100 million, the second-largest class action recovery in the 85-year history of the Commodity Exchange Act.

At Mehri & Skalet, Mr. Briskin has served as class counsel in *In re Apple MagSafe Adapter Litigation*, No. 5:09-CV-1911 (N.D. Cal.), which settled in 2015 and resulted in refunds up to the full retail value of the product, and redesigned replacement adapters being made available to a nationwide consumer class; *Sonoda v. Amerisave*, No. 11-1803 (N.D. Cal.), a consumer class action against an on-line mortgage broker that settled in 2013 for over $3 million. Mr. Briskin also has served as counsel for plaintiffs in *Bennett v. Donovan*, No. 11-CV-498 (D.D.C) (ESH), and *Plunkett v. Castro*, No. 14-CV-326 (D.D.C.) (ESH), cases that have resulted in landmark reforms to the federal reverse mortgage program, and will protect thousands of spouses and families of reverse mortgage borrowers from foreclosure and displacement.  He currently serves as co-counsel with Center for Science in the Public Interest for plaintiffs in *Worth v. CVS*, No. 1:16-CV-498 (E.D.N.Y.) (proposed class action alleging false advertising of omega-3 supplement), and in *Hunter v. MedStar Georgetown University Hospital*, No. 2015 CV 6038 (D.C. Super. Ct.) (proposed class action alleging overcharges for copies of medical records).

Joanna Wasik, an associate at Mehri & Skalet, will also be actively involved in litigating this case.  A graduate of Amherst College and Georgetown University Law Center, Ms. Wasik served as law clerk to Judge J. Curtis Joyner on the United States District Court for the Eastern District of Pennsylvania and was an associate in the New York office of Freshfields Bruckhaus Deringer, where she represented a leading global bank in investigations by the Department of Justice and Commodity Futures Trading Commission of alleged manipulation and collusion in the setting of prices for precious metals.

3.      **Proposed Interim Co-Lead Counsel will commit the time, staffing, and monetary resources necessary to prosecute these actions.**

Proposed Interim Co-Lead Counsel have committed, and will continue to commit, the time and resources necessary to fully and zealously litigate this matter on behalf of the Direct Purchaser Consumer Plaintiffs.  With more than 800 attorneys – all experienced litigators, more than 85 of whom specialize in antitrust litigation – Proposed Interim Co-Lead Counsel are well positioned to ensure this case gets the time and attention necessary to obtain the best possible result.  *See Manual* § 10.224 (directing courts to consider "the attorneys' resources, commitment, and qualifications to accomplish the assigned tasks" in selecting interim class counsel).

Hagens Berman has funded some of the largest class actions in history and is able to do so even though it has hundreds of class actions filed around the country.  Cases of this size and complexity are its bread and butter, and its efficient litigation of them is one of the reasons for the firm's continued success.  For example, in *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig.*, No. 10-md-02151 (C.D. Cal.), Hagens Berman and its co-counsel advanced more than $30 million in out-of-pocket expenses and accrued $70 million in lodestar.[14]  In *In re Pharm. Indus. Average Wholesale Price Litig.*, MDL No. 1456 (D. Mass.), Hagens Berman and its co-counsel advanced more than $10 million in out-of-pocket expenses and accrued over $75 million in lodestar in a case lasting more than a decade that it tried to verdict and defended in the United States Court of Appeals for the First Circuit multiple times on appeal.

In addition, Quinn Emanuel's practice, which primarily involves hourly billing and has been consistently profitable, enables the firm to self-fund major antitrust class actions like this

---

[14] *See In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig.*, No. 8:10ML 02151 JVS, 2013 WL 3224585, at *9 (C.D. Cal. June 17, 2013) (order granting final approval of settlement).

one.  The firm has more than adequate resources to fund multiple major class actions and does not rely on cases like this one for its short-term cash flow needs, and thus the firm will not be under pressure to settle this case quickly or for low value just to generate fees.  The firm is regularly able to carry tens of millions of dollars in fees and expenses.  Recent cases in which Quinn Emanuel has served as a lead counsel and carried tens of millions of dollars or more in fees and expenses for several years include *Polyurethane Foam* (settled on eve of trial, following certification of a national class, defeat of Rule 23(f) petition and defeat of summary judgment motions), *Credit Default Swaps* (settled during discovery just before class certification motion practice), and *Rail Freight* (fact discovery completed and litigation ongoing, including two separate motions for class certification, briefing to the D.C. Circuit, and nearly eight years' worth of work).

As with any complex antitrust class action, the economic issues in this case will require substantial expert analysis, and discovery is likely to entail millions of documents.  Counsel chosen to prosecute the Direct Purchaser Consumer Plaintiffs' claims must be able to dedicate significant resources to the case.  Proposed Interim Co-Lead Counsel have the necessary roster of talented attorneys and capable professional staff, as well as the monetary resources, to advance the proposed class's interests efficiently and aggressively and to pursue all necessary avenues of discovery.  *See* Berman Decl., Exs. A, L & M.

Additionally, Proposed Interim Co-Lead Counsel's national reach will benefit the putative Direct Purchaser Consumer class.  Notably, this litigation is proceeding in the District of Columbia, but the Defendants (and their witnesses) are located across the United States. Appointing counsel with a strong presence in many geographic locales across the country will

ensure that discovery proceeds efficiently and in a manner that minimizes travel-related expenses.

### IV.     CONCLUSION

For the reasons stated above, the *Mackmin* Plaintiffs respectfully request that the Court appoint Hagens Berman Sobol Shapiro LLP, Quinn Emanuel Urquhart & Sullivan, LLP and Mehri & Skalet, PLLC as Interim Co-Lead Counsel.

Dated:  March 2, 2016                              Respectfully submitted,


By   */s/ Steve W. Berman*
    Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA  98101
Telephone: (206) 623-7292
steve@hbsslaw.com

Jennifer Fountain Connolly
(D.C. Bar No. 1019148)
HAGENS BERMAN SOBOL SHAPIRO LLP
1701 Pennsylvania Ave. NW, Suite 300
Washington, D.C.  20006
Telephone:  (202) 248-5403
jenniferc@hbsslaw.com

Stephen R. Neuwirth (*pro hac vice*)
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
51 Madison Ave., 22nd Floor
New York, NY  10010
Telephone:  (212) 849-7000
stephenneuwirth@quinnemanuel.com

Adam B. Wolfson (*pro hac vice*)
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA  90017
Telephone:  (213) 443-3000
adamwolfson@quinnemanuel.com

Lauren Weeman Misztal
(D.C. Bar No. 1015897)
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
777 6th Street, NW, 11th Floor
Washington, D.C.  20001
Telephone:  (202) 538-8000
laurenmisztal@quinnemanuel.com

Craig L. Briskin
(D.C. Bar No. 980841)
MEHRI & SKALET, PLLC
1250 Connecticut Avenue, NW, Suite 300
Washington, DC  20036
Telephone:  (202) 822-5100
Cbriskin@Findjustice.com

*Counsel for Mackmin Plaintiffs and the Proposed
Class*