# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LYNNE BARTRON, *et al.*,<br><br>    *Plaintiffs*,<br>v.<br><br>VISA INC., *et al.*,<br><br>    *Defendants*. | Civil Action No. 1:11-cv-01831-RJL |
| PETER BURKE, *et al.*,<br><br>    *Plaintiffs*,<br>v.<br><br>VISA INC., *et al.*,<br><br>    *Defendants*. | Civil Action No. 1:11-cv-01882-RJL |

**VISA AND MASTERCARD DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE SUR-REPLY BRIEF OPPOSING CLASS CERTIFICATION AND ACCOMPANYING SUR-REBUTTAL EXPERT REPORT**

In their brief seeking leave to file a sur-reply, Defendants established that each Plaintiff group raised for the first time on reply new economic analyses or new factual evidence. *Mackmin* Plaintiffs admit that Professor Carlton inserted additional data that neither he nor Professor Hubbard previously used into the new analyses he offered on reply, specifically data "from (a) other portions of the Class Period and (b) MasterCard." *Mackmin* Opp. 2–3. Likewise, *Burke* Plaintiffs concede that they offered new analyses on reply, specifically: (a) an "analysis of independent ATM differential surcharging in Puerto Rico," which they claim to have had "no opportunity" to perform prior to their reply; (b) "a Granger Causality test," which had never been conducted by any expert in this matter until reply; and (c) an "enhanced analysis of datasets" that "go[es] back further in time." *Burke* Opp. 7, 9, 12, 14, 15.

Having made those decisions, Plaintiffs lack any legitimate basis to oppose Defendants' request for an opportunity to respond. Nothing in their opposition briefs alters this conclusion.

*First*, *Mackmin* and *Burke* Plaintiffs rely on authority that does not address the operative issue before this Court—namely, whether Plaintiffs' new expert analyses or evidence justifies a sur-reply in this circumstance. Defendants showed that courts in this District have repeatedly granted leave to file sur-replies responding to new expert analyses submitted with a reply brief. *See* Mot. 4. None of the cases cited by the *Mackmin* or *Burke* Plaintiffs denied leave to file a sur-reply under comparable circumstances.

Most of the cases Plaintiffs cite do not involve new expert reports or new evidence:

- *Banks* v. *Kramer*, 603 F. Supp. 2d 3 (D.D.C. 2009) (*Burke* Opp. 7.)[1]: The court denied leave to file a sur-reply because the proposed sur-reply addressed matters "made for the first time in defendants' motion to dismiss and then repeated in defendants' reply." *Id.* at 8.

- *Banner Health* v. *Sebelius*, 905 F. Supp. 2d 174 (D.D.C. 2012) (*Mackmin* Opp. 10; *Burke* Opp. 5): The court denied leave for a sur-reply opposing a motion to dismiss.

---

[1] *Burke* Plaintiffs refer to this case as "*Bates v. Kramer*" in their brief.

The proposed sur-reply did not purport to respond to new expert analysis submitted in reply. *Id.* at 187-88.

- *Benton* v. *Cousins Properties, Inc.*, 230 F. Supp. 2d 1351 (N.D. Ga. 2002) (*Burke* Opp. 11 n.9): The court denied leave to file sur-replies that only "repeat[ed] and expand[ed] . . . arguments made in . . . initial response briefs." *Id.* at 1366.

- *Crummey* v. *Social Security Admin.*, 794 F. Supp. 2d 46 (D.D.C. 2011) (*Burke* Opp. 5): The court denied leave to file a sur-reply where the opening briefs contained the allegedly "new" arguments. *Id.* at 62–63. The proposed sur-reply did not purport to respond to new expert analysis submitted in reply.

- *Imapizza, LLC* v. *At Pizza Limited,* No. 17-2327 (TJK), 2018 WL 6619852 (D.D.C. July 26, 2018) (*Burke* Opp. 6): The court denied leave to file a sur-reply responding to arguments appearing in the opening briefs, but granted leave to respond to three new arguments the movants made on reply. *Id.* at *1-2.

- *In re Mercedes-Benz Antitrust Litig.*, 213 F.R.D. 180 (D.N.J. 2003) (*Mackmin* Opp. 10): The court denied leave for a sur-reply opposing class certification. The proposed sur-reply did not purport to respond to new expert analysis submitted in reply but was instead directed at a discovery dispute. *Id.* at 191.

- *Robinson* v. *Panera, LLC*, No. 17-cv-2071 (TSC), 2019 WL 5216265 (D.D.C. Oct. 16, 2019) (*Burke* Opp. 5): The court denied two motions for leave to file a sur-reply because the first focused on arguments in the opening briefs and the second focused on the alleged mischaracterization of case law. *Id.* at *4. The proposed sur-replies did not purport to respond to new expert analysis submitted in reply.

- *Shroyer Bros., Inc.* v. *Nichols*, No. 1:16-cv-00735-JMS-DML, 2016 WL 7455310 (S.D. Ind. Dec. 28, 2016) (*Burke* Opp. 11 n.9): The court denied leave to file a sur-reply that purported "to correct misstatements of law and fact" and "ma[de] no attempt to argue that Defendants raised new matters" in their reply. *Id.* at *3-4.

- *Vanda Pharms., Inc.* v. *Food & Drug Admin.*, No. 19-cv-301 (JDB), 2019 WL 1198703 (D.D.C. Mar. 14, 2019) (*Mackmin* Opp. 10): The court denied leave for a sur-reply that did not purport to respond to new expert analysis submitted in reply.

- *United States ex rel. Pogue* v. *Diabetes Treatment Ctrs. Of Am., Inc.*, 238 F. Supp. 2d 270 (D.D.C. 2002) (*Burke* Opp. 6): The court denied leave to file sur-replies because the proposed sur-replies addressed only legal argument. *Id.* at 277.

- *United States ex rel. Raggio* v. *Jacintoport Int'l, LLC*, No. 10-cv-01908 (BJR), 2013 WL 12321941 (D.D.C. Dec. 23, 2013) (*Burke* Opp. 11 n.9): The court denied leave to file sur-replies because one was moot and the other addressed arguments made in the opening brief. *Id.* at *7.

- *United States* v. *Baroid Corp.*, 346 F. Supp. 2d 138 (D.D.C. 2004) (*Burke* Opp. 7): The court denied leave to file a sur-reply because the factual issue raised in reply was also in the moving brief. *Id.* at 143-44.

*Mackmin* Plaintiffs identified only one decision where the court denied leave to respond to expert rebuttal reports (*Mackmin* Opp. 6 n.4), but for reasons that do not apply here. First, the proposed sur-reply "attack[ed] perceived mischaracterizations of the record [and] barely address[ed]" the expert materials offered in reply. *Kondash* v. *Kia Motors Am., Inc.*, No 1:15-cv-506, 2019 WL 7820563, at *1 (S.D. Ohio Dec. 16, 2019). Second, the proponent of the sur-reply "had an opportunity to respond" to the supplemental expert materials in its parallel *Daubert* reply. *Id.* Third, the expert rebuttal reports addressed the applicability of economic analyses that those same experts had presented with the original motion, as opposed to a new economic analysis. *Id.* Unlike in *Kondash*, Defendants' proposed sur-reply and sur-rebuttal expert report here focus narrowly on the new expert analyses to which Defendants have had no opportunity to respond.

The remaining cases cited in Plaintiffs' opposition briefs do not even involve a ruling on leave to file a sur-reply:

- *Alaron Trading Comm'n* v. *Commodity Futures Comm'n.*, No. 98-1577, 1999 WL 325492 (D.C. Cir. Apr. 16, 1999) (per curiam) (*Burke* Opp. 7): The court returned a sur-reply the party had filed without leave and that provided "an irrelevant discussion of the merits of [the party's] case." *Id.* at *1.

- *Bayway Ref. Co.* v. *Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219 (2d Cir. 2000) (*Mackmin* Opp. 6 n.4): The Second Circuit affirmed the district court's receiving evidence first proffered on reply, in part because the non-moving party did not seek leave to file a sur-reply, which would have been the "timely remedy for any injustice." *Id.* at 227.

- *Baptist Mem. Hosp.* v. *Sebelius*, 765 F. Supp. 2d 20 (D.D.C. 2011), *aff'd*, 2012 WL 1859132 (D.C. Cir. May 14, 2012) (*Mackmin* Opp. 6 n.4; *Burke* Opp. 6): The district court struck a sur-reply on summary judgment for failure to seek leave to file it. This decision did not address whether the reply involved new expert analyses that would have justified a sur-reply. *Id.* at 31.

3

- *In re ConAgra Foods, Inc.*, 90 F. Supp. 3d 919 (C.D. Cal. 2015) (*Mackmin* Opp. 6 n.4): The court ruled on a motion to strike an expert declaration, not a request for leave to file a sur-reply.

*Second*, *Mackmin* Plaintiffs' professed fears of endless depositions and briefs are unfounded. Defendants did not notice a further deposition of any Plaintiff or expert following Plaintiffs' submission of new evidence and analyses in reply. Rather, Defendants sought leave to respond to this new evidence and new analyses with a concise sur-reply and sur-rebuttal report, just as the law allows.

*Finally*, while Plaintiffs styled their briefs as oppositions to Defendants' motion for leave, their briefs respond on the merits to Defendants' proposed sur-reply and sur-rebuttal expert report. The majority of *Mackmin* Plaintiffs' brief attempts to explain how their motion for class certification could survive even though their own expert's new economic analyses show that multiple banks do not increase surcharges in response to reductions in net interchange. *Mackmin* Opp. 3-8. Similarly, *Burke* Plaintiffs' brief argues that Defendants' proposed sur-reply "entirely misses the point and ignores Dr. Lehr's rebuttal argument," and explains what Dr. Lehr purportedly found and why *Burke* Plaintiffs believe Professor Hubbard is wrong. *Burke* Opp. 11-12. This Court now has heard in full from all sides on the contested issues on the motions for class certification. Nothing more is required.

For the reasons set forth above and in Defendants' original motion, Defendants should be granted leave to file their proposed sur-reply brief, which will close the briefing on this motion.

Date:  October 8, 2020

Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By: */s/ Justin Anderson*
    Kenneth A. Gallo (D.C. Bar No. 371253)
    kgallo@paulweiss.com
    Justin Anderson (D.C. Bar No. 1030572)
    janderson@paulweiss.com
    Jessica Anne Morton (D.C. Bar No. 1032316)
    jmorton@paulweiss.com
    2001 K Street, NW
    Washington, DC 20006-1047
    Tel. (202) 223-7300
    Fax. (202) 223-7420

*Attorneys for Defendants*
MASTERCARD INCORPORATED AND MASTERCARD INTERNATIONAL INCORPORATED

ARNOLD & PORTER KAYE SCHOLER LLP

By: */s/ Matthew A. Eisenstein*
    Mark R. Merley (D.C. Bar No. 375866)
    mark.merley@arnoldporter.com
    Matthew A. Eisenstein (D.C. Bar No. 476577)
    matt.eisenstein@arnoldporter.com
    Rosemary Szanyi (D.C. Bar No. 997859)
    rosemary.szanyi@arnoldporter.com
    601 Massachusetts Avenue, NW
    Washington, DC 20001-3743
    Tel. (202) 942-5000
    Fax. (202) 942-5999

*Attorneys for Defendants*
VISA, INC., VISA U.S.A. INC., VISA INTERNATIONAL SERVICE ASSOCIATION, and PLUS SYSTEM, INC.