IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LYNNE BARTRON, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> VISA INC., *et al.*, <br><br> *Defendants*. | Civil Action No. 1:11-cv-01831-RJL |

**VISA AND MASTERCARD DEFENDANTS' RESPONSE TO THE
MACKMIN PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL**

Visa Inc., Visa U.S.A. Inc., Visa International Service Association, and Plus System, Inc. ("Visa") and Mastercard Incorporated and Mastercard International Incorporated ("Mastercard," and together with Visa, the "Defendants") take no position on the *Mackmin* Plaintiffs' Motion for Preliminary Approval of Settlements with the Bank of America, Chase, and Wells Fargo Defendants and to Direct Notice to the Settlement Class.

Defendants file this response to address the relationship between the potential certification of a settlement class in this action and the pending, contested motion to certify a litigation class in the same action. The standard that applies when considering whether to certify a settlement class differs from the more rigorous standard applicable to a contested, litigation class. In light of the difference between those standards, certification of a settlement class here would not dictate certification of the litigation class that Plaintiffs propose.

A court considering certification of a settlement-only class "need not inquire whether the case, if tried, would present intractable management problems . . . for the proposal is that there be no trial." *Amchem Prod., Inc.* v. *Windsor*, 521 U.S. 591, 620 (1997). A class-wide settlement therefore changes the predominance analysis: "even if [a particular element of the cause of

1

action] could not be shown through class-wide proof—the predominance requirement is satisfied" for purposes of settlement-only class certification. *In re APA Assessment Fee Litig.*, 311 F.R.D. 8, 18 (D.D.C. 2015); *see also Stewart* v. *Rubin*, 948 F. Supp. 1077, 1091 (D.D.C. 1996) ("The manageability and efficiency of a class action settlement is quite different than that in a litigated case."), *aff'd*, 124 F.3d 1309 (D.C. Cir. 1997).

Courts have recognized that classes certified only for settlement purposes would not be certifiable as litigation classes where predominance, administrative feasibility, and other management problems would arise if the cases were to proceed to litigation. *See, e.g.*, *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 558 (9th Cir. 2019) ("A class that is certifiable for settlement may not be certifiable for litigation if the settlement obviates the need to litigate individualized issues that would make a trial unmanageable."); *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 537 (3d Cir. 2004) ("Although Appellants' concerns about the manageability of a multistate class of consumers and TPPs . . . did not pose a problem for the certification of a settlement class, there is a significant risk that such a class would create intractable management problems if it were to become a litigation class, and therefore be decertified."); *Ramirez* v. *DeCoster*, 142 F. Supp. 2d 104, 111 n.9 (D. Me. 2001) (certifying settlement class after refusing to certify the same class for litigation purposes because "the difficulties of managing the resulting jury trial . . . are not presented in a settlement"). Defendants have opposed certifying the *Mackmin* plaintiffs' litigation class on precisely those grounds. Accordingly, if the Court were to certify a settlement class here, that decision would not resolve the *Mackmin* plaintiffs' pending, contested motion to certify a class for litigation.

Date:   October 15, 2020                    Respectfully submitted,


                                        PAUL, WEISS, RIFKIND, WHARTON &
                                        GARRISON LLP


By:  */s/ Justin Anderson*
    Kenneth A. Gallo (D.C. Bar No. 371253)
    kgallo@paulweiss.com
    Justin Anderson (D.C. Bar No. 1030572)
    janderson@paulweiss.com
    Jessica Anne Morton (D.C. Bar No. 1032316)
    jmorton@paulweiss.com
    2001 K Street, NW
    Washington, DC 20006-1047
    Tel. (202) 223-7300
    Fax. (202) 223-7420

*Attorneys for Defendants*
MASTERCARD INCORPORATED AND
MASTERCARD INTERNATIONAL
INCORPORATED


ARNOLD & PORTER KAYE SCHOLER LLP


By:  */s/ Matthew A. Eisenstein*
    Mark R. Merley (D.C. Bar No. 375866)
    mark.merley@arnoldporter.com
    Matthew A. Eisenstein (D.C. Bar No. 476577)
    matt.eisenstein@arnoldporter.com
    Rosemary Szanyi (D.C. Bar No. 997859)
    rosemary.szanyi@arnoldporter.com
    601 Massachusetts Avenue, NW
    Washington, DC 20001-3743
    Tel. (202) 942-5000
    Fax. (202) 942-5999

*Attorneys for Defendants*
VISA INC., VISA U.S.A. INC., VISA
INTERNATIONAL SERVICE ASSOCIATION,
and PLUS SYSTEM, INC.