# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREW MACKMIN, *et al.*, | |
| *Plaintiffs*, | Civil Action No. 1:11-cv-1831-RJL |
| v. | Assign Date: 8/4/2015 |
| | Description: Antitrust – Class Action |
| VISA INC., *et al.*, | |
| *Defendants*. | |

### *MACKMIN* CONSUMER PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN FURTHER SUPPORT OF THEIR MOTION FOR CLASS CERTIFICATION

Plaintiffs Andrew Mackmin and Sam Osborn (the "*Mackmin* Plaintiffs") respectfully submit the following notice of supplemental authority in further support of their motion for class certification (D.E. 180) (the "Motion").

In Defendants' opposition to the Motion, they argued that the putative *Mackmin* Class is not ascertainable because it is not "administratively feasible." (*See* D.E. 203 at 75-79.) In reply, the *Mackmin* Plaintiffs explained that Defendants were wrong as a factual matter (*see* D.E. 217 at 33-34), but also that the D.C. Circuit Court of Appeals has never adopted such a standard for ascertainability and that a "growing consensus" of what was then five Courts of Appeal explicitly rejected such a requirement. (*Id.* at 32, 32 n.49.) In a recent decision, *Cherry v. Dometic Corporation*, No. 19-13242 (11th Cir. Feb. 2, 2021), attached hereto as **Exhibit A**, the Eleventh Circuit became the sixth Court of Appeals to explicitly reject a supposed "administrative feasibility" requirement for class certification, noting, *inter alia*, that "Rule 23 provides no basis to require administrative feasibility." (*Id.* at 2.) In so holding, the Eleventh Circuit rejected a prior unpublished decision, *Karhu v. Vital Pharms.*, Inc., 621 F. App'x 945 (11th Cir. 2015), on which Defendants rely here. (*See* D.E. 215 at 78, n.250.) This is further support demonstrating that Defendants' ascertainability arguments as to the *Mackmin* Plaintiffs fail.

The *Mackmin* Plaintiffs further note that their unopposed pending motion for preliminary approval of their settlement with the Bank Defendants (D.E. 222) demonstrates that, even if the Court applied an administrative feasibility requirement for class certification, the putative *Mackmin* Class certainly satisfies such a standard.

Dated:  February 8, 2021

By:    /s/ Steve W. Berman
Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 2nd Ave., Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com

Ben M. Harrington (*pro hac vice*)
Benjamin J. Siegel (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3034
benh@hbsslaw.com
bens@hbsslaw.com

Stephen R. Neuwirth (*pro hac vice*)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
51 Madison Ave., 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
stephenneuwirth@quinnemanuel.com

Adam B. Wolfson (*pro hac vice*)
Viola Trebicka (*pro hac vice*)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
adamwolfson@quinnemanuel.com
violatrebicka@quinnemanuel.com

Steven A. Skalet
(D.C. Bar No. 359804)
MEHRI & SKALET, PLLC
1250 Connecticut Avenue, NW, Suite 300
Washington, DC 20036
Telephone: (202) 822-5100
Cbriskin@findjustice.com

*Interim Co-Lead Counsel for Mackmin Consumer Plaintiffs*