# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LYNNE BARTRON, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>VISA INC., *et al.*,<br><br>    Defendants. | No. 1:11-cv-01831-RJL |

## VISA AND MASTERCARD DEFENDANTS' RESPONSE TO
## <u>*MACKMIN* CONSUMER PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY</u>

Defendants Mastercard and Visa respectfully submit this Response to *Mackmin* Plaintiffs' Notice of Supplemental Authority (ECF No. 230), citing *Cherry* v. *Dometic Corp.*, No. 19-13242 (11th Cir. Feb. 2, 2021). The *Cherry* decision acknowledges a circuit split on whether administrative feasibility—discussed in Part IV(B) of Defendants' opposition brief—is a necessary component of ascertainability. *Cherry*, No. 19-13242, slip op. at 8. While the *Cherry* court concluded that administrative feasibility is not a precondition for ascertainability in the Eleventh Circuit, it nevertheless held that administrative feasibility "remains relevant to whether a proposed class may proceed under [the superiority requirement of] Rule 23(b)(3)." *Id.* at 7. Accordingly, the obstacles to administrative feasibility Defendants identified in their opposition brief are fully cognizable even if the Eleventh Circuit's standard were to apply here.

Plaintiffs also assert that the administrative feasibility of their contested proposed class is somehow bolstered by their settlement agreement with the bank defendants. That argument has no place in a notice of supplemental authority. It is also wrong. As described in Defendants' opposition brief, determining membership in the putative class would require individualized assessments and administrative burden, including review of millions of ATM withdrawal slips, bank statements, and ATM operator contracts going back to 2007, most of which are likely no longer available. *See* ECF No. 203 at 75–80. To whatever extent Plaintiffs may dodge this step in the context of a class settlement—where they propose claim forms that ask potential claimants to self-identify as class members and self-report damages, ECF No. 222-3, Exhibit G—it is not sufficient where, as here, Mastercard and Visa contest liability as well as class certification. *See Stewart* v. *Rubin*, 948 F. Supp. 1077, 1091 (D.D.C. 1996) ("The manageability and efficiency of a class action settlement is quite different than that in a litigated case."), *aff'd*, 124 F.3d 1309 (D.C. Cir. 1997).

Date:  February 17, 2021
       Washington, D.C.

                    Respectfully submitted,

                    PAUL, WEISS, RIFKIND, WHARTON &
                    GARRISON LLP

                    By: */s/ Justin Anderson*
                        Kenneth A. Gallo (D.C. Bar No. 371253)
                        kgallo@paulweiss.com
                        Justin Anderson (D.C. Bar No. 1030572)
                        janderson@paulweiss.com
                        2001 K Street, NW
                        Washington, DC 20006-1047
                        Tel. (202) 223-7300
                        Fax. (202) 223-7420

                    *Attorneys for Defendants*
                    MASTERCARD INCORPORATED AND
                    MASTERCARD INTERNATIONAL
                    INCORPORATED


                    ARNOLD & PORTER KAYE SCHOLER LLP

                    By: */s/ Matthew A. Eisenstein*
                        Matthew A. Eisenstein (D.C. Bar No. 476577)
                        matt.eisenstein@arnoldporter.com
                        Rosemary Szanyi (D.C. Bar No. 997859)
                        rosemary.szanyi@arnoldporter.com
                        601 Massachusetts Avenue, NW
                        Washington, DC 20001-3743
                        Tel. (202) 942-5000
                        Fax. (202) 942-5999

                    *Attorneys for Defendants*
                    VISA, INC., VISA U.S.A. INC., VISA
                    INTERNATIONAL SERVICE ASSOCIATION,
                    and PLUS SYSTEM, INC

CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of February, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

By: */s/ Justin Anderson*
Justin Anderson (D.C. Bar No. 1030572)
janderson@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Tel. (202) 223-7300
Fax. (202) 223-7420

*Counsel for Defendants*
MASTERCARD INCORPORATED AND MASTERCARD INTERNATIONAL INCORPORATED