**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANDREW MACKMIN, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> VISA INC., *et al.*, <br><br> *Defendants*. | Civil Action No. 1:11-Cv-1831-RJL <br><br> Description: Antitrust – Class Action |

## DECLARATION OF STEVEN A. SKALET

I, Steven A. Skalet, declare upon personal knowledge and under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am interim co-lead Class Counsel in the above-captioned matter and was a principal in the Washington D.C. firm of Mehri & Skalet, PLLC ("M&S") until 2021, with over 40 years of continuous litigation and transactional experience in consumer protection and fraud, bank fraud, real estate, employment, and class action litigation. I am a member of the Bars of the District of Columbia, Maryland, and many federal courts.

2. In 2001, I co-founded M&S and we have since been lead counsel or co-lead counsel in successful class actions with substantial settlements against Dell, Inc., Mercury Marine, Hewlett Packard, Apple, Sony, Ford, Verizon, Mitsubishi, Ciox, Morgan Stanley, and many other companies. Cyrus Mehri served as lead counsel before this Court in Brown v Medicis Pharmaceutical Company, which resulted in one of the largest gender discrimination settlements in U.S. history on a per class member basis. Most recently, M&S co-led a consumer class action

against Farmers Insurance Company that resulted in a 15 million dollar recovery and changes in company practices that will save tens of millions of dollars annually for California consumers.

3. Among other accomplishments, I have been an advisor to the Federal Reserve Board, served on a District of Columbia Bar Committee and Montgomery County Advisory Committee, and have been peer selected as a "Super Lawyer" and "Top Attorney in Washington, DC." I actively participated in Community Associations Institute activities and was Chair of the District of Columbia Legislative Action Committee for many years. In 1999 and again in 2001, I was awarded the Public Advocate Award for my work on District of Columbia legislation. I am a long-serving director of the Studio Theatre in Washington, DC.

4. M&S has been involved in this case from its inception and acted as local counsel in connection with the initial court filings and service of process. M&S also participated in drafting the Complaint and participated extensively in research, motions practice, discovery, document review and in briefing the appeal. M&S was appointed as one of three Interim Co-Lead Counsel by Order dated March 3, 2016.

5. M&S partner Craig Briskin was the primary counsel at M&S on the case, with oversight from partners Steven Skalet and Cyrus Mehri and assistance from numerous associates and paralegals as referenced in the matrix of time spent in the case.

6. Craig Briskin joined M&S in 2007 from the New York office of Labaton Sucharow, where he specialized in anti-trust law. Steven Skalet and Cyrus Mehri have extensive litigation experience, especially with respect to large class actions. Mr. Briskin is currently an attorney in Washington DC with Public Justice P.C., the country's largest public interest law

firm. A copy of his CV is attached as Exhibit A. I have retired as an equity partner and am currently "of counsel" with M&S.

7. M&S maintains regular hourly billing rates for all attorneys, paralegals, and law clerks whose case-related work time is billed. These rates are reasonable for attorneys of similar experience, reputation, and expertise, and are consistent with the prevailing market rates for attorneys with comparable levels of experience in Washington, D.C.

8. The lodestar amount (hours worked times hourly rates) is based on the time recorded in contemporaneous billing records. Daily, M&S attorneys and paralegals record their billable time to the nearest tenth of an hour in a detailed, contemporaneous, and task-specific manner on a computerized billing program called TimeSolv. Such billing records have been maintained for this case. The tasks on which work was done, on an individual timekeeper, and a day-by-day basis are specified in the detailed time entries, which we can make available if requested for *in camera* review.

9. Craig Briskin and I have reviewed the billing records from my firm, and I certify to the Court that these records accurately reflect work reasonably performed in connection with the litigation of this matter. A matrix displaying M&S's lodestar and hours as of this date by biller, at both historical and current rates, not including work in connection with this fee application, is attached as Exhibit B.

10. M&S has advanced unreimbursed case-related costs and expenses of $406,910. A summary of the costs and expenses incurred is attached in Exhibit C.

11. The time expended and expenses incurred in prosecuting this action were reasonable for the diligent litigation and fair resolution of this matter. This case has a number of complex and

challenging legal and factual issues. The result achieved for the settlement class is outstanding. The lodestar reflected in Exhibit B also does not include the time to be devoted to preparing for and appearing at the final approval hearing or handling class member inquiries and other post-hearing matters.

12. Based on my substantial class action experience. I believe the fees and costs requested are extremely reasonable considering the degree of work required to litigate and successfully settle this case and the risk undertaken by Class Counsel, including the risks of advancing out-of-pocket costs in a contingency case and the risk of non-payment of fees if the case were not won or settled. Attached hereto as Exhibit D is a firm resume for M&S. Further information about the firm can be found at www.findjustice.com.

13. Executed on February 24, 2022.

/s/ Steven A. Skalet
Steven A. Skalet (DC No. 359804)