IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREW MACKMIN, *et al.*, <br><br> *Plaintiffs*, <br> v. <br><br> VISA INC., *et al.*, <br><br> *Defendants.* | Civil Action No. 1:11-cv-1831-RJL <br> Assign Date: 8/4/2015 <br> Description: Antitrust – Class Action |

**ORDER GRANTING *MACKMIN* CONSUMER PLAINTIFFS' MOTION
FOR FINAL APPROVAL OF SETTLEMENTS
<u>WITH THE BANK OF AMERICA, CHASE, AND WELLS FARGO DEFENDANTS</u>**

This matter has come before the Court to determine whether there is any cause why this Court should not approve the *Mackmin* Consumer Plaintiffs' ("Plaintiffs") settlements with Bank of America, National Association; NB Holdings Corporation; and Bank of America Corporation ("Bank of America Defendants"); Chase Bank USA, N.A.; JPMorgan Chase & Co.; and JPMorgan Chase Bank, N.A. ("Chase Defendants"); and Wells Fargo & Company and Wells Fargo Bank, N.A. ( "Wells Fargo Defendants"), (collectively, "Settling Defendants"); and approve Plaintiffs' Plan of Allocation. The Court, having reviewed Plaintiffs' Motion for Final Approval of Settlements with the Bank of America, Chase, and Wells Fargo Defendants ("Motion"), the Settlement Agreements, the pleadings and other papers on file in this action, the statements of counsel and the parties, and the objections of Shiyang Huang (Dkt Nos. 254, 257), hereby finds that the Settlement Agreements and Plan of Allocation should be approved. Accordingly, the Court enters this Order of Final Approval.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Court has jurisdiction over the subject matter of this litigation, and all actions within this litigation (collectively, the "Action") and over the parties to the Settlement Agreements, including all members of the Settlement Class and the Settling Defendants.

2. For purposes of this Order, except as otherwise set forth herein, the Court incorporates the definitions contained in the Settlement Agreements. *See* Dkt. No. 252, Order Granting Preliminary Approval of Settlement with the Bank of America, Chase, and Wells Fargo Defendants and Directing Notice to the Class, Ex. A (Bank of America Settlement Agreement), Ex. B (Chase Settlement Agreement), Ex. C (Wells Fargo Settlement Agreement). The Court hereby finally approves and confirms the settlements set forth in the Settlement Agreements, and finds that said settlements are, in all respects, fair, reasonable, and adequate to the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure, including with respect to each of the factors enumerated in Rule 23(e)(2).

3. The following class is certified for settlement purposes only, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All individuals and entities that paid an unreimbursed ATM Access Fee directly to any Bank Defendant or Alleged Bank Co-Conspirator for a Foreign ATM Transaction using an ATM card issued by a financial institution in the United States to withdraw cash at an ATM located in the United States at any time from October 1, 2007 to November 12, 2021 (the "Class Period").

4. The settlement class shall be referred to herein as the "Settlement Class."

5. The Court finds the prerequisites to a class action under Federal Rule of Civil Procedure 23(a) have been satisfied for settlement purposes only by the Settlement Class in that:

   (a) there are at least millions of geographically dispersed settlement class members, making joinder of all members impracticable;

   (b) there are questions of law and fact common to the settlement class which predominate over individual issues;

   (c) the claims or defenses of the class representative are typical of the claims or defenses of the settlement class;

   (d) the Class Representatives will fairly and adequately protect the interests of the settlement class, and have retained counsel experienced in antitrust class action litigation who have, and will continue to, adequately represent the settlement class; and

   (e) resolution through class settlements is superior to individual settlements.

6. The Court finds that this Action may be maintained as a class action under Federal Rule of Civil Procedure 23(b)(3), for settlement purposes only, because: (i) questions of fact and law common to members of the Settlement Class predominate over any questions affecting only the claims of individual members; and (ii) a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

7. Pursuant to Federal Rule of Civil Procedure 23(g), the Court hereby confirms that Hagens Berman Sobol Shapiro LLP, Quinn Emanuel Urquhart & Sullivan, LLP, and Mehri &

Skalet, PLLC are appointed as Settlement Class Counsel, and that the named Plaintiffs, Andrew Mackmin and Sam Osborn, are appointed to serve as the Class Representatives on behalf of the Settlement Class.

8. Plaintiffs' notice of the Class Settlements to the Settlement Class was the best notice practicable under the circumstances. The notice satisfied due process and provided adequate information to the Settlement Class of all matters relating to the Class Settlements, and fully satisfied the requirements of Federal Rules of Civil Procedure 23(c)(2) and (e)(1).

9. Certain members of the Settlement Class timely and validly requested exclusion from the Settlement Class, and therefore they are excluded from the Settlement Class. These persons and entities are reflected in the attached **Exhibit A** to this order. Such persons and entities are not included in or bound by this Order as it relates to the specific settlement or settlements for which they opted-out. Such persons and entities are not entitled to any recovery of the settlement proceeds obtained through these Class Settlements.

10. The Court finds that Plaintiffs' proposed Plan of Allocation, proposing to pay putative Class Members on a pro rata basis based on the number of claims that are submitted, is fair, reasonable, and adequate. The Plan of Allocation does not unfairly favor any Class Member, or group of Class Members, to the detriment of others.

11. The Court has reviewed and considered the objections of Shiyang Huang (Dkt Nos. 254, 257), and finds them to be without merit.

12. Without affecting the finality of this Order in any way, this Court hereby retains continuing, exclusive jurisdiction over the settlements and the Settlement Agreements, including:

> (a) implementation of these settlements and any distribution to members of the Settlement Class pursuant to further orders of this Court;
>
> (b) disposition of the Settlement Fund;
>
> (c) determining attorneys' fees, costs, expenses, and interest;

      (d) the Action until Final Judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties all have been performed pursuant to the Settlement Agreements;

      (e) hearing and ruling on any matters relating to the plan of allocation of settlement proceeds;

      (f) all parties to the Action and Releasing Parties, for the purpose of enforcing and administering the Settlement Agreements and the mutual releases and other documents contemplated by, or executed in connection with, the Settlement Agreements; and

      (g) any other proceedings concerning the administration, interpretation, consummation, and enforcement of these settlements.

13. The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that Final Judgments of Dismissal with prejudice as to the Settling Defendants ("Judgments") should be entered forthwith and further finds that there is no just reason for delay in the entry of the Judgments, as Final Judgments, in accordance with the Settlement Agreements.

**IT IS SO ORDERED.**

DATED: 8/8/22

_____
HONORABLE RICHARD J. LEON
UNITED STATES DISTRICT COURT JUDGE

# Exhibit A

*ATM Fee's*
Exclusion Report

| Name | Exclusion ID | Postmark Date | Exclusion Statement | Address | Phone Number | Signature | Notes |
|---|---|---|---|---|---|---|---|
| 1) Andrew F. Rosbury | 145188798 | 1/24/2022 | Y | | N/A | Y | Paper Exclusion |
| 2) Tony Rollins | 145188799 | 2/7/2022 | Y | | | N | Emailed Exclusion |
| 3) Jon Neill | 145188800 | 2/7/2022 | Y | | | Y | Mailed Exclusion |
| 4) Marcus G Ravazzar | 145188801 | 2/8/2022 | Y | | N/A | Y | Mailed Exclusion (Did not provide full address) |
| 5) Jozef Hatala | 145188802 | 2/7/2022 | Y | | N/A | Y | Mailed Exclusion |
| 6) Amber K Lee | 145188803 | 2/12/2022 | Y | | N/A | Y | Mailed Exclusion |
| 7) Stephen Auerbach | 145188804 | 2/19/2022 | Y | | | Y | Mailed Exclusion |
| 8) Maria Elena Esparz | 145188805 | 2/22/2022 | Y | | | Y | Mailed Exclusion |
| 9) Santiago Fernando- | 145188806 | 2/22/2022 | Y | | | Y | Mailed Exclusion |
| 10) Judy Wilson | 145188807 | 2/27/2022 | Y | N/A | N/A | N | Emailed Exclusion |
| 11) Alexander Cohen | 145188808 | 3/4/2022 | Y | | | Y | Mailed Exclusion |
| 12) Ricardo LaCroix | 145188809 | 3/11/2022 | Y | N/A | N/A | N | Emailed Exclusion |
| 13) Ryan Lawrence Tut | 145188810 | 3/11/2022 | Y | | | Y | Mailed Exclusion |
| 14) Jaimi Inskeep Tuttle | 145188811 | 3/11/2022 | Y | | | Y | Mailed Exclusion |
| 15) Donald Machado | 145188812 | 2/15/2022 | Y | N/A | N/A | N | Emailed Exclusion |
| 16) Frank Story | 145188813 | 2/16/2022 | Y | N/A | N/A | N | Emailed Exclusion |
| 17) Jerilyn Phippeny | 145188814 | 2/15/2022 | Y | N/A | N/A | N | Emailed Exclusion |