IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREW MACKMIN, *et al.*,<br><br>        *Plaintiffs*,<br>v.<br><br>VISA INC., *et al.*,<br><br>        *Defendants*. | Civil Action No. 1:11-cv-1831-RJL<br>Assign Date: 8/4/2015<br>Description: Antitrust – Class Action |

**FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE AS TO
DEFENDANTS CHASE BANK USA, N.A.; JPMORGAN CHASE & CO.; AND
JPMORGAN CHASE BANK, N.A.**

This matter has come before the Court to determine whether a final judgment of dismissal should be entered as to Defendants Chase Bank USA, N.A.; JPMorgan Chase & Co.; and JPMorgan Chase Bank, N.A. ("Chase Defendants") in light of the settlement with the *Mackmin* Consumer Plaintiffs ("Plaintiffs"). The Court, having reviewed the settlement agreement between Plaintiffs and the Chase Defendants and Plaintiffs' Motion for Final Approval of Settlements with the Bank of America, Chase, and Wells Fargo Defendants ("Final Approval Motion"), and finding no just reason for delay, hereby directs entry of Final Judgment under Federal Rule of Civil Procedure 54(b), which shall constitute a final adjudication of this case on the merits as to members of the Settlement Class and the Chase Defendants pursuant to the terms of the Settlement Agreement Between Plaintiffs and the Chase Defendants ("Settlement Agreement") (*see* Dkt. No. 252, Ex. B).

Good cause appearing therefore:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Court has jurisdiction over the subject matter of this litigation, and all actions within this litigation (collectively, "Action") and over the parties to the Settlement Agreement, including all members of the Settlement Class and the Chase Defendants.

2. For purposes of this Judgment, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the Settlement Agreement as though they were fully set forth in this Final Judgment. Specifically, "Settlement Class," as defined in the Settlement Agreement, means:

> All individuals and entities that paid an unreimbursed ATM Access Fee directly to any Bank Defendant or Alleged Bank Co-Conspirator for a Foreign ATM Transaction using an ATM card issued by a financial institution in the United States to withdraw cash at an ATM located in the United States at any time from October 1, 2007 to November 12, 2021 (the "Class Period").

3. Those persons and entities identified in the list attached hereto as **Exhibit A** are validly excluded from the Class. Such persons and entities are not included in or bound by this Judgment. Such persons and entities are not entitled to any recovery of the settlement proceeds obtained in connection with the Settlement Agreement.

4. The Court finds the prerequisites to a class action under Rule 23(a) have been satisfied for settlement purposes only by the Settlement Class in that:

   a. There are at least millions of putative members of the Settlement Class, making joinder of all members impracticable;

   b. There are questions of fact and law that are common to all members of the Settlement Class;

   c. The claims of the Class Representatives are typical of those of the Settlement Class; and

   d. Plaintiffs Andrew Mackmin and Sam Osborn ("Class Representatives") have and will fairly and adequately protect the interests of the members of the Settlement Class and have retained counsel experienced in complex antitrust class action litigation who have and will continue to adequately advance the interests of the Settlement Class.

5. The Court has found that this Action may be maintained as a class action under Rule 23(b)(3), for settlement purposes only, because: (i) questions of fact and law common to the members of the Settlement Class predominate over any questions affecting only the claims of individual members; and (ii) a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

6. Pursuant to Rule 23(g), the Court hereby confirms that Hagens Berman Sobol Shapiro LLP, Quinn Emanuel Urquhart & Sullivan, LLP, and Mehri & Skalet, PLLC are

appointed as Settlement Class Counsel, and that Plaintiffs Andrew Mackmin and Sam Osborn are appointed to serve as Class Representatives on behalf of the Settlement Class.

7. Upon the Effective Date of Settlement, the Released Parties shall be discharged and released from the Released Claims, regardless of whether any such Releasing Party executes and delivers a proof of claim, and without respect to any rights afforded under California Civil Code § 1542 and/or any other similar, comparable, or equivalent laws. As of the Effective Date, all Releasing Parties shall be permanently barred and enjoined from instituting, commencing, prosecuting or asserting any Released Claim against any of the Released Parties as defined in the Settlement Agreement, or from assisting any third party in commencing or maintaining any suit against any Released Party related in any way to any of the Released Claims, including without respect to any rights afforded under California Civil Code § 1542 and/or any other similar, comparable, or equivalent laws.

8. The Court has finally approved the settlement between the Settlement Class and Chase Defendants in the total amount of $19,500,000, and has found that said settlement is fair, reasonable, and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure.

9. This Court hereby dismisses on the merits and with prejudice this Action against the Chase Defendants, including the Claims of the Plaintiffs and the Settlement Class, with each party to bear its own costs and attorneys' fees, except as provided in the Settlement Agreement.

10. Without affecting the finality of the Judgment in any way, this Court hereby retains continuing, exclusive jurisdiction over the settlement and the Settlement Agreement, including: (a) implementation of this settlement and any distribution to members of the Settlement Class pursuant to further orders of this Court; (b) disposition of the Settlement Fund; (c) determining attorneys' fees, costs, expenses, and interest; (d) the Action until the Final

Judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties all have been performed pursuant to the Settlement Agreement; (e) hearing and ruling on any matters relating to distribution of settlement proceeds; (f) all parties to the Action and Releasing Parties, for the purpose of enforcing and administering the Settlement Agreement and the mutual releases and other documents contemplated by, or executed in connection with the Settlement Agreement; and (g) any other proceedings concerning the administration, interpretation, consummation, and enforcement of this settlement.

11. This document constitutes a final judgment and separate document for purposes of Federal Rule of Civil Procedure 58(a).

12. The Court finds that, pursuant to Federal Rules of Civil Procedure 54(a) and (b), Final Judgment should be entered, and further finds that there is no just reason for delay in the entry of Final Judgment, as to the parties to the Settlement Agreement. Accordingly, the Clerk is hereby directed to enter Final Judgment forthwith.

**IT IS SO ORDERED**.

DATED: 8/8/22

_____
HONORABLE RICHARD J. LEON
UNITED STATES DISTRICT COURT JUDGE

# Exhibit A

**ATM Fee's**
**Exclusion Report**

| Name | Exclusion ID | Postmark Date | Exclusion Statement | Address | Phone Number | Signature | Notes |
|---|---|---|---|---|---|---|---|
| 1) Andrew F. Rosbury | 145188798 | 1/24/2022 | Y | | N/A | Y | Paper Exclusion |
| 2) Tony Rollins | 145188799 | 2/7/2022 | Y | | | N | Emailed Exclusion |
| 3) Jon Neill | 145188800 | 2/7/2022 | Y | | | Y | Mailed Exclusion |
| 4) Marcus G Ravazzar | 145188801 | 2/8/2022 | Y | | N/A | Y | Mailed Exclusion (Did not provide full address) |
| 5) Jozef Hatala | 145188802 | 2/7/2022 | Y | | N/A | Y | Mailed Exclusion |
| 6) Amber K Lee | 145188803 | 2/12/2022 | Y | | N/A | Y | Mailed Exclusion |
| 7) Stephen Auerbach | 145188804 | 2/19/2022 | Y | | | Y | Mailed Exclusion |
| 8) Maria Elena Esparz | 145188805 | 2/22/2022 | Y | | | Y | Mailed Exclusion |
| 9) Santiago Fernando- | 145188806 | 2/22/2022 | Y | | | Y | Mailed Exclusion |
| 10) Judy Wilson | 145188807 | 2/27/2022 | Y | N/A | N/A | N | Emailed Exclusion |
| 11) Alexander Cohen | 145188808 | 3/4/2022 | Y | | | Y | Mailed Exclusion |
| 12) Ricardo LaCroix | 145188809 | 3/11/2022 | Y | N/A | N/A | N | Emailed Exclusion |
| 13) Ryan Lawrence Tut | 145188810 | 3/11/2022 | Y | | | Y | Mailed Exclusion |
| 14) Jaimi Inskeep Tuttle | 145188811 | 3/11/2022 | Y | | | Y | Mailed Exclusion |
| 15) Donald Machado | 145188812 | 2/15/2022 | Y | N/A | N/A | N | Emailed Exclusion |
| 16) Frank Story | 145188813 | 2/16/2022 | Y | N/A | N/A | N | Emailed Exclusion |
| 17) Jerilyn Phippeny | 145188814 | 2/15/2022 | Y | N/A | N/A | N | Emailed Exclusion |

Prepared by A.B. Data Ltd. on 3/24/2022