# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

ANDREW MACKMIN, *et al.*,

      *Plaintiffs*,

v.

VISA INC., *et al.*,

      *Defendants*.

Civil Action No. 1:11-cv-1831-RJL
Assign Date: 8/4/2015
Description: Antitrust – Class Action

### *MACKMIN* CONSUMER PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AUTHORIZATION TO DISTRIBUTE SETTLEMENT FUNDS

Pursuant to Federal Rules of Civil Procedure 23, the *Mackmin* Consumer Plaintiffs hereby move the Court for an Order authorizing the distribution of settlement funds. This motion is based on this notice of motion and motion, the accompanying memorandum of points and authorities, the declaration of Eric Schachter in support of the motion, any papers filed in reply, such oral and documentary evidence as may be presented at any hearing of this motion, and all papers and records on file in this matter.

DATED this 17th day of February, 2023.    Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By:    */s/ Steve W. Berman*
    Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 2nd Ave., Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com

Ben M. Harrington (*pro hac vice*)
Benjamin J. Siegel (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3034
benh@hbsslaw.com
bens@hbsslaw.com

Adam B. Wolfson (*pro hac vice*)
Viola Trebicka (*pro hac vice*)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
adamwolfson@quinnemanuel.com
violatrebicka@quinnemanuel.com

- 2 -

Steven A. Skalet
(D.C. Bar No. 359804)
MEHRI & SKALET, PLLC
1250 Connecticut Avenue, NW, Suite 300
Washington, DC 20036
Telephone: (202) 822-5100
sskalet@findjustice.com

*Co-Lead Class Counsel for*
*Mackmin Consumer Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANDREW MACKMIN, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> VISA INC., *et al.*, <br><br> *Defendants*. | Civil Action No. 1:11-cv-1831-RJL <br> Assign Date: 8/4/2015 <br> Description: Antitrust – Class Action |

**MEMORANDUM IN SUPPORT OF *MACKMIN* CONSUMER PLAINTIFFS' MOTION
FOR AUTHORIZATION TO DISTRIBUTE SETTLEMENT FUNDS**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...................................................................................................................1

II. BRIEF BACKGROUND ........................................................................................................2

III. ARGUMENT ..........................................................................................................................5

    A. The Proposed Distribution Plan is an Efficient and Effective Means of Distributing Net Settlement Funds to Class Members ...............................................5

    B. A.B. Data's Administrative Costs Have Been Reasonably Incurred and These Costs Should Be Reimbursed from the Settlement Fund ..............................8

IV. CONCLUSION .......................................................................................................................8

I.      INTRODUCTION

By this motion, *Mackmin* Consumer Plaintiffs respectfully move the Court for an order authorizing distribution of the net settlement funds received from the three settlements reached with the Bank Defendants[1] in this action, all of which have been finally approved by this Court. *See* ECF No. 261. The gross settlements total $66.74 million. After an extensive claims administration process undertaken for the purpose of identifying qualified claimants, Plaintiffs now seek to distribute the net settlement funds after allocations for attorneys' fees, reimbursement of litigation expenses, service awards for the class representatives, and settlement administration costs, all of which were disbursed according to this Court's prior Orders.[2]

The concurrently filed declaration of Eric Schachter ("Schachter Decl."), Senior Vice President of A.B. Data, Ltd.'s Class Action Administration Division ("A.B. Data"), the settlement administrator approved by the Court in this action ("Settlement Administrator"), confirms that settlement administration in this action has strictly adhered to the process approved by the Court in granting final approval. *See* Schachter Decl. ¶¶ 4-11. That process is now complete, except for the final portion of the deficiency and validation process, which A.B. Data anticipates completing within the next 45 to 60 days. *Id.* ¶ 11. Plaintiffs bring this motion for distribution now so that, subject to the Court's approval, distribution of settlement proceeds may commence as soon as possible.

---

[1] The Bank Defendants are Bank of America, National Association; NB Holdings Corporation; and Bank of America Corporation (Bank of America Defendants); Chase Bank USA, N.A.; JPMorgan Chase & Co.; and JPMorgan Chase Bank, N.A. (Chase Defendants); and Wells Fargo & Company and Wells Fargo Bank, N.A. (Wells Fargo Defendants).

[2] *See* ECF No. 260 (Order Granting *Mackmin* Consumer Plaintiffs' Motion for Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Service Awards for Class Representatives); ECF No. 252 at ¶¶ 7, 20 (authorizing payment of reasonable settlement administration costs in Order Granting Preliminary Approval of Settlements with the Bank of America, Chase, and Wells Fargo Defendants and Directing Notice to the Class).

Class Counsel agrees with the recommendations of A.B. Data concerning how to complete the distribution process. In sum, within the next 45 to 60 days, A.B. Data will complete the deficiency and validation process associated with auditing the approximately 433,000 claim forms submitted. Following that process, and within 90 days of a Court order approving the proposed distribution plan, A.B. Data will commence distributing the net settlement fund on a *pro rata* basis to eligible Settlement Class Members. In accordance with information provided in the Court-approved notice and claim documents, A.B. Data will send settlement payments digitally to each eligible Settlement Class Member using the email address provided on the claim forms, but claimants will also have an opportunity to request a paper check. After providing Settlement Class Members with 60 days to redeem their digital payments or cash their checks, A.B. Data will redistribute unclaimed net settlement funds *pro rata* to those Settlement Class Members who redeem their digital payments or cash their checks in the first distribution. This process will repeat if there are sufficient settlement funds to make another cost-effective redistribution to class members. If remaining settlement funds are not sufficient to make a cost-effective redistribution to class members, Class Counsel will inform the Court and propose an alternative means of distributing any remaining settlement funds, such as to an appropriate *cy pres* recipient.

Based on the foregoing and the extensive claims administration process, *Mackmin* Consumer Plaintiffs respectfully request entry of an order authorizing final distribution of the net settlement funds according to the plan proposed herein and in Mr. Schachter's declaration. A proposed order consistent with this plan has been concurrently submitted with this motion.

## II.     BRIEF BACKGROUND

The Court is familiar with the details of this decade-plus long litigation, so in this brief Plaintiffs discuss only what is relevant to the instant motion.

At the end of 2019 and continuing through the first half of 2020, Plaintiffs reached settlement agreements with the three Bank Defendants, while continuing to pursue their claims against Visa and MasterCard. Under the settlement agreements, the Bank Defendants collectively agreed to make cash payments of $66.74 million, with the Bank of America Defendants paying $26,420,000, the Wells Fargo Defendants paying $20,820,000, and the Chase Defendants paying $19,500,000.

After filing their initial motion for preliminary approval of the settlements, upon order of the Court, on October 15, 2021, Plaintiffs filed a renewed motion for preliminary approval of the Bank Settlements and to direct notice to the Settlement Class. ECF No. 250. This Court issued an order granting the renewed motion on November 12, 2021. ECF No. 252.

As ordered by this Court, notice to the nationwide Settlement Class commenced on December 10, 2021. A.B. Data successfully implemented the Court-approved Notice Plan, which included (i) direct email notice to potential Settlement Class Members; (ii) a digital advertising campaign on numerous digital and social media platforms; (iii) a news release disseminated via *PR Newswire*; (iv) a publication notice in *People* magazine; and (v) a toll-free telephone number and case-specific website to address potential Settlement Class Member inquiries. *See* Schachter Decl. ¶¶ 4-5. One prominent component of the extensive campaign was sending email notices to approximately 60 million potential Settlement Class Members. The notice program also included banner ads encompassing over 630 million digital impressions being placed on various digital and social networks, advertisements placed with Google AdWords such that links to the Settlement website appeared on the search result pages for relevant searches, and a news release disseminated over *PR Newswire*. A.B. Data also published a printed advertisement in the national edition of *People* magazine. Schachter Decl. ¶ 5.

Pursuant to this Court's orders, A.B. Data also has undertaken an extensive claims process. Settlement Class Members who wished to be eligible to receive a distribution from the settlements were required to complete and submit to A.B. Data a properly executed claim form postmarked or submitted online no later than May 11, 2022. *See* Schachter Decl. ¶ 7; ECF No. 252 ¶ 12 (Preliminary Approval Order permitting claims through this date). A.B. Data estimates that a total of approximately 433,000 claim forms have been received through the online filing portal on the case-specific website (www.atmclassaction.com). The information from each claim form, including the claimant's name, address, email address, and information related to the claimant's ATM surcharge transactions during the settlement class period, was captured in a database developed by A.B. Data to process claim forms. Schachter Decl. ¶¶ 8-9. Mr. Schachter explains in his declaration that all claims were subject to review and/or audit by the Settlement Administrator. A.B. Data performed several audits and secondary reviews of the submitted claims, in consultation with Settlement Class Counsel, to determine which claims are valid, and for purposes of culling any duplicate or fraudulent claims. Schachter Decl. ¶¶ 10-11 (discussing audit process).

Since the end of the claims process, and in conjunction with the auding steps described above, the Settlement Administrator has undertaken a deficiency and validation process, which included contacting settlement class members to ensure that as many valid claims are accepted as possible, while weeding out invalid claims. Any claimant with an identified invalid or deficient claim is being sent a notification via email and/or mail to provide them with an opportunity to resolve any issues identified related to their claim. For example, some claims will be required to furnish additional information and/or documentation to validate the information presented on

their claim form. A.B. anticipates being done with deficiency and validation process within the next 45 to 60 days. Schachter Decl. ¶¶ 10-11.

On August 8, 2022, this Court issued orders (1) granting final approval of the settlements with the Bank Defendants, (2) granting Plaintiffs' motion for attorneys' fees, expenses, and service awards for the class representatives, and (3) issuing final judgments as to each of the three Bank Defendants. ECF Nos. 261-264. There have been no appeals of any of these orders, and the time to appeal has expired. Given these developments and now that the deficiency and validation process is close to ending, Plaintiffs have proposed a plan to distribute the net settlement funds to settlement class members, so that funds may be disbursed to class members as soon as possible.

### III.  ARGUMENT

**A.  The Proposed Distribution Plan is an Efficient and Effective Means of Distributing Net Settlement Funds to Class Members**

Plaintiffs submit that the proposed distribution plan is the most efficient and effective means available to distribute the net settlement funds, and it is consistent with prior orders of this Court. To begin with, the proposed distribution plan follows the Court-approved Plan of Allocation, wherein the Court directed Plaintiffs to pay Settlement Class Members on a *pro rata* basis based on the number of valid claims that have been submitted. ECF No. 261, ¶ 10; *see* Schachter Decl. ¶ 12. Such *pro rata* plans have been called "the fairest method of allocating the settlement benefits." *See In re Lloyd's Am. Trust Fund Litig.*, 2002 WL 31663577, at *19 (S.D.N.Y. Nov. 26, 2002) ("*pro rata* allocations provided in the Stipulation are not only reasonable and rational, but appear to the fairest method of allocating the settlement benefits"); *see also In re TFL-LCD (Flat Panel) Antitrust Litig.*, 2011 WL 7575004, at *4 (N.D. Cal. Dec.

27, 2011) (approving a *pro rata* plan and citing several cases for this decision, including *In re Vitamins Antitrust Litig.*, 2000 WL 1737867, at *6 (D.D.C. Mar. 31, 2000)).

If the Court approves the proposed distribution plan, A.B. Data will be ready to begin distributing the settlement funds within 90 days of any such order. A.B. Data will send settlement payments digitally to each eligible Settlement Class Member using the email address provided on the claimant's claim form. Each eligible claimant will be provided with a number of digital payment options such as a prepaid virtual debit card, ACH, or PayPay/Venmo. At the time of distribution, claimants will also have the opportunity to request a traditional paper check payment by mail. Schachter Decl. ¶ 13. This primarily digital distribution plan, with an option to receive a paper check, conforms to the information provided to the Settlement Class in the Court-approved notice and claim forms. *See* ECF No. 252, ¶ 6; ECF No. 250-3, Ex. E at ¶ 11, Ex. G.[3] Prior to sending payments by email, A.B. Data will run all email addresses through a verification process to confirm the email address is valid and functional. Any Settlement Class Member with an invalid or undeliverable email address will instead be sent a traditional paper check. Schachter Decl. ¶ 13.

Plaintiffs propose that digital payment links be valid for a period of 60 days. To encourage each Settlement Class Member to redeem their digital payments, A.B. Data will send a number of reminder emails to any claimants who do not initially redeem their digital payment over the 60-day period. The traditional paper checks sent by request or due to an invalid email

---

[3] Other courts also have recognized that digital payment options are a cost-effective means of effectively distributing funds to class members. *See, e.g.*, *Edwards v. Nat'l Milk Producers*, 2017 WL 3623734, at *2 (N.D. Cal. June 26, 2017) (granting final approval of class action settlement where cash claimants would "receive an electronic notification via email that will permit them to choose an online account, *e.g.*, an Amazon, PayPal, or Google Wallet account, into which money be can distributed," "in order to maximize the settlement funds going to class members, and minimize administrative expenses and uncashed checks").

address will also be valid for a period of 60 days. To encourage Settlement Class Members to deposit their payments promptly, all checks will bear a notation: "CASH PROMPTLY. VOID AND SUBJECT TO REDISTRIBUTION IF NOT CASHED BY [DATE 60 DAYS AFTER ISSUE DATE]." Schachter Decl. ¶¶ 14-15.

Following the 60-day periods described in the preceding paragraph, A.B. Data will determine which Settlement Class Members have redeemed their digital payments or cashed their checks. To maximize the likelihood that settlement funds are received and used by class members, after this 60-day period, Plaintiffs propose that A.B. Data cancel unredeemed digital payments and checks, and that these residual funds be redistributed on a *pro rata* basis in a second distribution to Settlement Class Members who redeemed their digital payments or cashed their checks in the first round of distribution. A.B. Data proposes that the second distribution begin approximately 90 days after the initial distribution is completed and last for an additional period of 60 days. *See* Schachter Decl. ¶¶ 16-17.

At the conclusion of the second distribution, Plaintiffs propose that A.B. Data, in conjunction with Class Counsel, determine whether any further distributions of funds remaining in the Net Settlement Fund is cost-effective and feasible. If feasible, additional rounds of distribution will be conducted in a manner similar to the first and second distributions. *See* Schachter Decl. ¶¶ 16-17. If net settlement funds remain following additional redistributions and it is not cost-effective or feasible to distribute these funds to class members, Class Counsel will inform the Court and propose a means of distributing the remaining settlement funds, such as to an appropriate *cy pres* recipient.

B.     **A.B. Data's Administrative Costs Have Been Reasonably Incurred and These Costs Should Be Reimbursed from the Settlement Fund**

In this Court's Order Granting Preliminary Approval of the Bank Settlements, the Court appointed A.B. Data as the Settlement Administrator and authorized payment of reasonably incurred administrative costs to them as set forth in the settlement agreements. *See* ECF No. 252 ¶¶ 7, 20. A.B. Data has incurred fees and expenses in the amount of $577,375.16 through January 31, 2023. To date, A.B. Data has been paid a total of $479,569.28 from the Settlement Fund, in accordance with the settlement agreements. A.B. Data estimates that it will incur an additional $350,000 to complete the claim deficiency process, finalize the claim calculations, and conduct an initial distribution of the Net Settlement Fund. Schachter Decl. ¶ 19. Plaintiffs request that A.B. Data be reimbursed for these reasonably-incurred costs of administration of the settlement funds, including costs incurred during the distribution process.

## IV.     CONCLUSION

For the foregoing reasons, *Mackmin* Consumer Plaintiffs respectfully request that the Court grant their motion for distribution of the net settlement funds according to the plan proposed herein and in the Schachter Declaration, and that the Court approve payment of reasonably-incurred administrative costs to Settlement Administrator, A.B. Data.

DATED this 17th day of February, 2023.     Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By:     */s/ Steve W. Berman*
   Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 2nd Ave., Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com

> Ben M. Harrington (*pro hac vice*)
> Benjamin J. Siegel (*pro hac vice*)
> HAGENS BERMAN SOBOL SHAPIRO LLP
> 715 Hearst Avenue, Suite 202
> Berkeley, CA 94710
> Telephone: (510) 725-3034
> benh@hbsslaw.com
> bens@hbsslaw.com
>
> Adam B. Wolfson (*pro hac vice*)
> Viola Trebicka (*pro hac vice*)
> QUINN EMANUEL URQUHART
> & SULLIVAN, LLP
> 865 S. Figueroa Street, 10th Floor
> Los Angeles, CA 90017
> Telephone: (213) 443-3000
> adamwolfson@quinnemanuel.com
> violatrebicka@quinnemanuel.com
>
> Steven A. Skalet
> (D.C. Bar No. 359804)
> MEHRI & SKALET, PLLC
> 1250 Connecticut Avenue, NW, Suite 300
> Washington, DC 20036
> Telephone: (202) 822-5100
> sskalet@findjustice.com
>
> *Co-Lead Class Counsel for*
> *Mackmin Consumer Plaintiffs*