**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANDREW MACKMIN, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> VISA INC., *et al.* <br><br> Defendants. | Civil Action No. 1:11-cv-1831-RJL <br><br> Assign Date: 8/4/2015 <br><br> Description: Antitrust – Class Action |

**DECLARATION OF STEVE W. BERMAN IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT WITH VISA AND MASTERCARD DEFENDANTS AND TO DIRECT NOTICE TO THE SETTLEMENT CLASS**

I, Steve W. Berman, declare under penalty of perjury under the laws of the United States as follows:

1.     I am an attorney duly licensed to practice before all of the courts of the State of Washington, and my *pro hac vice* application was approved by this Court. I am the Managing partner of the law firm of Hagens Berman Sobol Shapiro LLP ("Hagens Berman"). I submit this Declaration in Support of the *Mackmin* Plaintiffs' Motion For Preliminary Approval of Settlement With Visa and Mastercard Defendants and To Direct Notice To The Settlement Class.[1] I have full knowledge of the matters stated herein and could and would testify thereto.

2.     My firm, Hagens Berman, alongside Quinn Emanuel Urquhart & Sullivan, LLP and Mehri & Skalet, PLLC, are counsel of record for the *Mackmin* Plaintiffs ("Plaintiffs"), having been appointed Co-Lead Class Counsel for the litigation Class by this Court, and Settlement Class Counsel for prior settlements with Defendants Bank of America, Chase, and Wells Fargo ("Bank Defendants").

3.     Plaintiffs, via Co-Lead Class Counsel, have aggressively pursued Plaintiffs' claims from the outset of this litigation in 2011. After Plaintiffs' claims were initially dismissed on a 12(b)(6) motion (by the judge previously assigned to this matter), Co-Lead Class Counsel appealed and, following briefing and argument, the D.C. Circuit issued a complete reversal, finding that that Plaintiffs had plausibly alleged antitrust violations. *See Osborn v. Visa Inc.*, 797 F.3d 1057 (2015). The Supreme Court granted Defendants' petition for *certiorari* but, after Class Counsel demonstrated that Defendants were relying on arguments that departed from their

---

[1] The Visa and Mastercard defendants are Visa Inc.; Visa U.S.A. Inc.; Visa International Service Association; Plus System, Inc.; Mastercard Incorporated and Mastercard International Incorporated.

petition, the Supreme Court dismissed the writ of *certiorari* as having been improvidently granted. *See Visa Inc. v. Osborn*, 137 S. Ct. 289 (2016) (Mem.).

4.      On remand, Co-Lead Class Counsel negotiated several discovery and other related protocols, served extensive document requests and interrogatories, and negotiated the scope of Defendants' productions via numerous in-person, telephonic, and written communications. These initial efforts lasted several months and further efforts to obtain full productions continued years into discovery. Co-Lead Class Counsel attended not only multiple meet and confers with Defendants' counsel, but also regularly traveled to and presented Plaintiffs' positions in this Court's "Gang of 8" discovery conferences.

5.      As a result of these efforts, Defendants and 19 subpoenaed third parties collectively produced over 800,000 documents. Plaintiffs also received over three terabytes of transactional data, the full extent of which took years to obtain. Plaintiffs filed four motions to compel productions from three third parties and, after extensive briefing and argument, three of those motions were transferred to this Court pursuant to Rule 45(f) and granted. Plaintiffs withdrew their fourth motion to compel after the subpoenaed party agreed to produce the requested materials. Co-Lead Class Counsel extensively reviewed documents produced by parties and third parties, and analyzed the transactional data with the help of their experts, a process that took years and cost millions of dollars. Co-Lead Class Counsel also took and participated in over 35 depositions.

6.      Class certification in this matter involved extensive expert discovery and multiple rounds of briefing (including a sur-reply and sur-reply opposition). *See* Dkt. Nos. 220 & 221. On August 4, 2021, this Court issued an Order and Memorandum Opinion granting Plaintiffs' motion for class certification, as well as granting the class certification motions of the two related

putative classes with claims against Visa and Mastercard. Dkt. Nos. 234, 235.[2] On October 1, 2021, the D.C. Circuit Court of Appeals granted Visa and Mastercard's petition for permission to file an interlocutory appeal from the class certification orders pursuant to Fed. R. Civ. P. 23(f). Dkt. No. 245. The D.C. Circuit affirmed class certification by Judgment dated July 25, 2023. Dkt. No. 269. The Network Defendants petitioned the Supreme Court for certiorari, which was denied on April 15, 2024.

7.      The two Class Representatives—Andrew Mackmin and Sam Osborn—have also vigorously represented the Settlement Class in this litigation. Each prepared extensively for and had his deposition taken in the case. Both also actively participated in responding to discovery and cooperated extensively with Co-Lead Class Counsel throughout the course of this prolonged litigation.

8.      Co-Lead Class Counsel and counsel for Visa and Mastercard first discussed potential settlement in December 2017, in a mediation before Hon. Layn Phillips (Ret.), one of the nation's foremost mediators. At that time, before any major discovery had occurred, the parties were unable to reach resolution. In May 2020, after reaching settlements with the Bank Defendants, Plaintiffs conducted another mediation session (again with Layn Phillips) with Visa and Mastercard. The parties were again unable to reach resolution. Settlement discussions resumed in early 2024 after this Court had granted class certification and Defendants' petition for *certiorari* was pending before the Supreme Court. This included a full-day mediation session with Judge Phillips in March 2024, throughout which experienced and well-informed counsel on both sides strenuously advocated their positions. This all-day session resulted in a term sheet,

_____

[2] The Court subsequently issued an Amended Order granting class certification that superseded its prior certification order. Dkt. No. 238. The Amended Order also appointed Co-Lead Class Counsel and Class Representatives for the litigation class. *Id.*

which was later memorialized in the Settlement Agreement attached to this Declaration as **Exhibit A**.

9.     The proposed Settlement Class is identical to the Settlement Class in the previously approved settlements with the Bank Defendants. It encompasses: "All individuals and entities that paid an unreimbursed ATM Access Fee directly to any Bank Defendant or Alleged Bank Co-Conspirator for a Foreign ATM Transaction using an ATM card issued by a financial institution in the United States to withdraw cash at an ATM located in the United States at any time from October 1, 2007, to the date of the Preliminary Approval Order." Exhibit A at § 3(a). Specifically excluded from the Settlement Classes are Defendants; Released Parties; the officers, directors, or employees of any Defendant or Released Party; any entity in which any Defendant or Released Party has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant or Released Party and any person acting on their behalf. Also excluded from the Settlement Class are any federal, state, or local governmental entities, Class Lead Counsel, and any judicial officer presiding over the Action and the members of his/her immediate family and judicial staff. According to estimates previously provided by Plaintiffs' economic expert, Professor Carlton, the Settlement Class is likely to include more than 175 to 215 million individuals and entities. *See* Dkt. No. 222-2 at ¶ 14.

10.     The Settlement with Visa and Mastercard yields a substantial percentage of the Settlement Class's single damages. The Settlement was reached after Visa and Mastercard had supplemented their transactional data productions and Plaintiffs' economic expert, Professor Carlton, had provisionally updated his damages calculations for upcoming merits reports. As at the class certification stage, Professor Carlton's modelled three damages scenarios that yielded a low, mid-range, and high estimate for single damages. After incorporating Visa and Mastercard's

additional transactional data, and making corrections to his transaction counts in response to analyses Defendants' expert had advanced at class certification, Professor Carlton's updated damages calculations for the three tiers were as follows:

| Damages Model[3] | Single Damages Amount |
|---|---|
| Low Estimate | $691.9 million |
| Mid-Range Estimate | $858.8 million |
| High Estimate | $1.142.0 billion |

11.     The following chart calculates the percentage of single damages recovered through Plaintiffs' $197.5 million Settlement with Visa and Mastercard alone, and in combination with the $66.74 million secured by the prior Bank Settlements:

| Damages Model | Visa and Mastercard $197.5 Million Settlement Percentage of Single Damages[4] | Combined $264.24 Settlements Percentage of Single Damages |
|---|---|---|
| Low Estimate ($691.9 million) | 28.5% | 38.2% |
| Mid-Range Estimate ($858.8 million) | 23.0% | 30.8% |
| High Estimate ($1.142.0 billion) | 17.3% | 23.1% |

---

[3] The methodology for Professor Carlton's three models is addressed at length in his class certification report. *See* Dkt. No. 177-113 at ¶¶ 105-111. To summarize, the three models estimate the effect of various ATM fees on the ATM surcharges paid by Settlement Class Members. Notably, only the low estimate is limited to fees received by Visa and Mastercard (specifically, the network fees they charge ATM operators). The mid-range and high estimates include fees received by other participants in ATM transactions. *See id.*

[4] All percentages rounded to nearest tenth of a percent.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 29th day of May, 2024, at Seattle, Washington.

/s/ *Steve W. Berman*
STEVE W. BERMAN

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANDREW MACKMIN, *et al.*, | |
| Plaintiffs, | |
| v. | Case No. 1:11-cv-01831 (RJL) |
| VISA INC*., et al.*, | |
| Defendants. | |

**STIPULATION AND AGREEMENT OF SETTLEMENT BETWEEN
MACKMIN PLAINTIFFS AND VISA AND MASTERCARD DEFENDANTS**

# TABLE OF CONTENTS

**Page**

1.   RECITALS ................................................................................................................... 1

2.   DEFINITIONS................................................................................................................ 4

3.   SETTLEMENT CLASS CERTIFICATION .................................................................. 10

4.   GOOD FAITH EFFORTS TO EFFECTUATE THIS SETTLEMENT
     AGREEMENT ............................................................................................................... 12

5.   FINAL JUDGMENT AND ORDER OF DISMISSAL AGAINST VISA
     DEFENDANTS AND MASTERCARD DEFENDANTS ............................................. 12

6.   PRELIMINARY APPROVAL ORDER, NOTICE, AND FAIRNESS
     HEARING....................................................................................................................... 14

7.   EFFECTIVE DATE OF SETTLEMENT ...................................................................... 18

8.   CLAIMS ADMINISTRATOR ...................................................................................... 18

9.   SCOPE AND EFFECT OF SETTLEMENT ................................................................. 19

10.  COOPERATION ............................................................................................................ 20

11.  FEE AND EXPENSE APPLICATION ......................................................................... 21

12.  THE SETTLEMENT FUND .......................................................................................... 23

13.  ADMINSTRATION OF THE SETTLEMENT.............................................................. 25

14.  TAXES............................................................................................................................ 27

15.  TERMINATION OF SETTLEMENT ............................................................................ 28

16.  MISCELLANEOUS ...................................................................................................... 30

1.    **RECITALS**

This Stipulation and Agreement of Settlement ("Settlement Agreement") is made and entered into on May 2, 2024 ("Execution Date"), between Class Plaintiffs (as defined herein), for themselves individually and on behalf of each Settlement Class Member in the Action (each, as defined herein), Visa Defendants (as defined herein), and Mastercard Defendants (as defined herein), by and through Class Lead Counsel, Visa Defendants' Counsel, and Mastercard Defendants' Counsel (each, as defined herein).  This Settlement Agreement is intended to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined herein), with respect to the Released Parties (as defined herein), upon and subject to the terms and conditions herein.

WHEREAS, on November 23, 2015, Class Plaintiffs filed a Second Amended Class Action Complaint ("SAC" or "Complaint");

WHEREAS, by order of August 4, 2021, as amended by order of September 7, 2021, and on the motion of the Class Plaintiffs, the Court certified a class under Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3);

WHEREAS, on August 8, 2022, pursuant to a finally approved class settlement, final judgments of dismissal with prejudice were entered in the Action as to all Bank Defendants (as defined herein);

WHEREAS, Class Plaintiffs are prosecuting the Action on their own behalf and on behalf of a certified Rule 23(b)(2) and Rule 23(b)(3) class against Visa Defendants and Mastercard Defendants;

WHEREAS, Class Plaintiffs have alleged, among other things, that Defendants, including Visa Defendants and Mastercard Defendants, participated in an unlawful conspiracy to restrain

trade, pursuant to which Visa Defendants and Mastercard Defendants and their alleged co-conspirators, including the other Defendants, as well as unnamed co-conspirators, agreed, among other things, to so-called Non-Discrimination Rules that allegedly had the effect of increasing the amount of ATM Access Fees (as defined herein) paid by the Settlement Class (as defined herein), in violation of the Sherman Act, 15 U.S.C. § l, *et seq.* as well as state antitrust, restraint of trade, consumer protection, and unfair competition laws;

WHEREAS, Class Plaintiffs have contended that they are entitled to actual damages, treble damages, and injunctive relief for loss or damage, and threatened loss or damage, as a result of violations of the laws as alleged in the SAC, arising from Visa Defendants' and Mastercard Defendants' (and the other Defendants') alleged conduct;

WHEREAS, Visa Defendants and Mastercard Defendants have denied and continue to deny each and all of the claims made by Class Plaintiffs in the Action and all liability against them arising out of any of the conduct, statements, acts, or omissions that were alleged, or that could have been alleged, in the Action;

WHEREAS, Class Plaintiffs, for themselves individually and on behalf of each Settlement Class Member, Visa Defendants, and Mastercard Defendants, agree that neither this Settlement Agreement nor any statement made in negotiation thereof shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Visa Defendants or Mastercard Defendants or of the truth of any of the claims or allegations alleged in the Action;

WHEREAS, Class Plaintiffs, Visa Defendants and Mastercard Defendants have engaged in extensive discovery regarding the facts pertaining to Class Plaintiffs' claims and Visa Defendants' and Mastercard Defendants' defenses;

WHEREAS, Class Lead Counsel have concluded, after due investigation and after carefully considering the relevant circumstances, including, without limitation, the claims asserted in the Action, the legal and factual defenses thereto, and the applicable law, that:  (1) it is in the best interests of the Settlement Class to enter into this Settlement Agreement in order to avoid the uncertainties of litigation and to assure that the benefits reflected herein, including the value of the Settlement Amount (as defined herein) to be paid by Visa Defendants and Mastercard Defendants under this Settlement Agreement, are obtained for the Settlement Class; and (2) the settlement set forth in this Settlement Agreement is fair, reasonable, and adequate and in the best interests of the Settlement Class;

WHEREAS, Visa Defendants and Mastercard Defendants, while each continuing to deny that they are liable for any of the claims asserted against them in the Action, have nevertheless agreed to enter into this Settlement Agreement to avoid the further risk, expense, inconvenience, and distraction of burdensome and protracted litigation, and thereby to put fully to rest this controversy, to avoid the risks inherent in complex litigation, and to obtain complete dismissal of the SAC as to Visa Defendants and Mastercard Defendants and a release of claims as set forth herein; and

WHEREAS, this Settlement Agreement is the product of arm's-length negotiations between Class Lead Counsel and Visa Defendants' Counsel and Mastercard Defendants' Counsel under the guidance and oversight of former U.S. District Judge Layn Phillips as Mediator, and this Settlement Agreement embodies all of the terms and conditions of the settlement agreed upon between Visa Defendants and Mastercard Defendants and Class Plaintiffs, both for themselves individually and on behalf of the Settlement Class;

NOW, THEREFORE, in consideration of the covenants, terms, and releases in this

Settlement Agreement, it is agreed, by and among Class Plaintiffs (for themselves individually and on behalf of the Settlement Class and each member thereof) and Visa Defendants and Mastercard Defendants, by and through Class Lead Counsel and Visa Defendants' Counsel and Mastercard Defendants' Counsel, that, subject to the approval of the Court (as defined herein), the Action be settled, compromised, and dismissed with prejudice as to Visa Defendants and Mastercard Defendants and the other Released Parties (as defined herein), without costs, except as stated herein, and releases be extended, as set forth in this Settlement Agreement.

## 2.    DEFINITIONS

As used in this Settlement Agreement, the following capitalized terms have the meanings specified below:

(a)      "Action" means *Mackmin et al. v. Visa Inc. et al.*, Case No. 1:11-cv-01831 (RJL), which is currently pending in the United States District Court for the District of Columbia.

(b)      "Alleged Bank Co-Conspirator" has the same definition as "Bank Co-Conspirator" in the SAC.

(c)      "ATM" means an automated teller machine, which allows Cardholders to complete an ATM Transaction.

(d)      "ATM Access Fee" means the fee assessed by an ATM operator to a Cardholder for completing a Foreign ATM Transaction.

(e)      "ATM Card" means an access device, usually a card, enabling the holder, among other things, to conduct an ATM Transaction.

(f)      "ATM Transaction" means any actual or attempted use of an ATM, including to withdraw cash, deposit funds, transfer funds, or check account balances.

(g)     "Authorized Claimant" means any Settlement Class Member who will be entitled to a distribution from the Net Settlement Fund pursuant to the Plan of Distribution approved by the Court.

(h)     "Bank" means any bank, credit union, or other financial institution, including its affiliates, subsidiaries, agents, representatives, employees, officers, and directors.

(i)     "Bank Defendants" means JPMorgan Chase & Co.; Chase Bank USA, N.A.; JPMorgan Chase Bank, N.A.; Bank of America, N.A.; NB Holdings Corp.; Bank of America Corp.; Wells Fargo & Co.; and Wells Fargo Bank, N.A.

(j)     "Cardholder" means any Person that owns, possesses, or controls an ATM Card.

(k)     "Claims Administrator" means the third party to be retained by Class Lead Counsel and approved by the Court to manage and administer the process by which each member of the Settlement Class is notified of the Settlement Agreement and paid from the Net Settlement Fund.

(l)     "Class Lead Counsel" means Hagens Berman Sobol Shapiro LLP, Quinn Emanuel Urquhart & Sullivan LLP, and Mehri & Skalet PLLC.

(m)     "Class Notice" means the proposed form of, method for, and the date of dissemination of notice of the Settlement Agreement to the Settlement Class.

(n)     "Class Plaintiffs" means Andrew Mackmin and Sam Osborn.

(o)     "Court" means the United States District Court for the District of Columbia.

(p)     "Defendants" means JPMorgan Chase & Co.; Chase Bank USA, N.A.; JPMorgan Chase Bank, N.A.; Visa Inc.; Visa U.S.A. Inc.; Visa International Service Association; Plus System, Inc.; Mastercard Incorporated; Mastercard International Incorporated d/b/a Mastercard Worldwide; Bank of America, N.A.; NB Holdings Corp.; Bank of America Corp.; Wells Fargo &

Co.; and Wells Fargo Bank, N.A.; and any other Person or Persons who are named as defendants in the Action at any time up to and including the date a Preliminary Approval Order is entered.

(q)     "Effective Date of Settlement" has the meaning given to it in paragraph 7.

(r)     "Escrow Agent" means Huntington National Bank.

(s)     "Execution Date" means the date of the execution of this Settlement Agreement by counsel for all Parties thereto.

(t)     "Fairness Hearing" means the hearing to be held by the Court to determine whether the settlement set forth in this Settlement Agreement shall receive final approval pursuant to Fed. R. Civ. P. 23.

(u)     "Fee and Expense Application" has the meaning given to it in paragraph 11.

(v)     "Fee and Expense Award" has the meaning given to it in paragraph 11.

(w)     "Final Approval Order" has the meaning given to it in paragraph 5.

(x)     "Final Judgment and Order of Dismissal" has the meaning given to it in paragraph 5.

(y)     "Foreign ATM Transaction" means an ATM Transaction in which the Cardholder uses an ATM that is owned or operated by an entity different from the entity that issued the ATM Card used for that ATM Transaction.

(z)     "Mastercard Defendants" means Mastercard Incorporated and Mastercard International Incorporated d/b/a Mastercard Worldwide.

(aa)     "Mastercard Defendants' Counsel" means Paul, Weiss, Rifkind, Wharton & Garrison LLP.

(bb)     "Mediator" means former U.S. District Judge Layn R. Phillips.

(cc)     "Net Settlement Fund" has the meaning given to it in paragraph 12.

(dd)    "Parties" means, collectively, Class Plaintiffs (on behalf of themselves and the Settlement Class) and Visa Defendants and Mastercard Defendants.

(ee)    "Person" means an individual or entity, and his, her, or its spouses, heirs, predecessors, successors, representatives, or assignees.

(ff)    "Plan of Distribution" means a plan or formula of allocation of the Net Settlement Fund whereby the Settlement Fund shall be distributed to Settlement Class Members after payment of expenses of notice and administration of the settlement, Taxes, and tax expenses, and such attorneys' fees, costs, service awards, interest, and other expenses as may be awarded by the Court.

(gg)    "Preliminary Approval Order" means an order of the Court that preliminarily approves the settlement set forth in this Settlement Agreement and that approves the form of Class Notice and preliminarily approves a proposed Plan of Distribution.

(hh)    "Released Claims" means, in consideration of payment of the Settlement Amount into the Settlement Fund as specified in paragraph 12 of this Settlement Agreement, and for other valuable consideration, any and all manner of claims, causes of action, cross-claims, counterclaims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, damages, or other payment of money, or for injunctive, declaratory or other equitable relief, whenever incurred, and liabilities of any nature whatsoever (including joint and several) that have or could have been alleged in the Action by the Releasing Parties against the Released Parties to the fullest extent permitted by law, including all potential, unasserted, and "Unknown Claims," as defined below, from the beginning of time and continuing into the future without end.  It is

expressly agreed for purposes of clarity that any claims arising out of the factual predicates of the Action, including with respect to the rules, fees, and/or conduct at issue, are claims that have or could have been alleged in the Action by the Releasing Parties against the Released Parties.

(ii)     "Released Party" or "Released Parties" means Visa Inc.; Visa U.S.A. Inc.; Visa International Service Association; Plus System, Inc.; Mastercard Incorporated; and Mastercard International Incorporated d/b/a Mastercard Worldwide, and each entity's past, present, and future, direct and indirect parents (including holding companies), subsidiaries, affiliates, associates (all as defined in Securities and Exchange Commission Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934, as amended), divisions, predecessors, successors, assigns, and members (including, without limitation, all past, present, and future financial institutions authorized or licensed to issue or acquire Visa- or Mastercard-branded ATM Cards and transactions), and each of their respective officers, directors, employees, agents, attorneys, legal or other representatives, trustees, heirs, executors, administrators, advisors, members, and assigns.

(jj)     "Releasing Parties" means, individually and collectively, Class Plaintiffs and each Settlement Class Member, on behalf of themselves and any of their respective past, present or future officers, directors, stockholders, agents, employees, legal or other representatives, partners, associates, trustees, parents, subsidiaries, divisions, affiliates, heirs, executors, administrators, purchasers, predecessors, successors, and assigns, whether or not they object to the settlement set forth in this Settlement Agreement, and whether or not they make a claim for payment from the Net Settlement Fund.

(kk)     "Request for Exclusion" has the meaning given to it in paragraph 6.

(ll)     "SAC" or "Complaint" means the Second Amended Class Action Complaint filed with the Court in the Action on November 23, 2015.

(mm)   "Settlement Agreement" means this Stipulation and Agreement of Settlement.

(nn)   "Settlement Amount" means the sum of One Hundred Ninety-Seven Million Five Hundred Thousand Dollars ($197,500,000.00), payable in lawful tender of the United States.

(oo)   "Settlement Class" has the meaning given to it in paragraph 3(a).

(pp)   "Settlement Class Member" means a Person who is a member of the Settlement Class and has not timely and validly excluded himself, herself, or itself in accordance with the procedures to be established by the Court.

(qq)   "Settlement Fund" means the escrow account established pursuant to paragraph 12 of this Settlement Agreement, including all monies held therein in accordance with the terms of this Settlement Agreement.

(rr)   "Taxes" has the meaning given to it in paragraph 14.

(ss)   "Unknown Claims" means any and all Released Claims against the Released Parties that any of the Releasing Parties does not know or suspect to exist in his, her, or its favor as of the Effective Date of Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that by operation of the Final Judgment and Order of Dismissal, upon the Effective Date of Settlement, Releasing Parties shall have expressly waived, and each Settlement Class Member shall be deemed to have waived, and by operation of the Final Judgment and Order of Dismissal shall have expressly waived, the provisions, rights and benefits of Cal. Civ. Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

and any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542.

Any of the Releasing Parties may hereafter discover facts other than or different from those that he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims. Nevertheless, Class Plaintiffs shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member, upon the Effective Date of Settlement, shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal shall have, fully, finally, and forever settled and released, any and all Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. Class Plaintiffs acknowledge, and Settlement Class Members shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a key element of the Settlement Agreement.

(tt)    "Visa Defendants" means Visa Inc., Visa U.S.A. Inc., Visa International Service Association, and Plus System, Inc.

(uu)    "Visa Defendants' Counsel" means Arnold & Porter Kaye Scholer LLP.

## 3.    SETTLEMENT CLASS CERTIFICATION

(a)    The Parties hereby stipulate solely for settlement purposes that the requirements of Fed. R. Civ. P. 23(a), Fed. R. Civ. P. 23(b)(2), and Fed. R. Civ. P. 23(b)(3) are satisfied and, subject to Court approval, the following Settlement Class shall be certified as to Visa Defendants and Mastercard Defendants solely for settlement purposes: "All individuals and entities that paid an unreimbursed ATM Access Fee directly to any Bank Defendant or Alleged Bank Co-Conspirator for a Foreign ATM Transaction using an ATM card issued by a financial institution in the United

States to withdraw cash at an ATM located in the United States at any time from October 1, 2007 to the date of the Preliminary Approval Order." Specifically excluded from the Settlement Class are Defendants; Released Parties; the officers, directors, or employees of any Defendant or Released Party; any entity in which any Defendant or Released Party has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant or Released Party and any person acting on their behalf. Also excluded from the Settlement Class are any federal, state, or local governmental entities, Class Lead Counsel, and any judicial officer presiding over the Action and the members of his/her immediate family and judicial staff.

(b) The Parties' agreement as to certification of the Settlement Class is solely for purposes of effectuating a settlement and for no other purpose. Visa Defendants and Mastercard Defendants retain all of their objections, arguments, and defenses with respect to class certification, and reserve all rights to contest class certification, if the settlement set forth in this Settlement Agreement does not receive the Court's final approval, if the Court's approval is reversed or vacated on appeal, if this Settlement Agreement is terminated as provided herein, or if the settlement set forth in this Settlement Agreement otherwise fails to close. The Parties acknowledge that there has been no stipulation to any class or certification of any class for any purpose other than effectuating the settlement, and that if the settlement set forth in this Settlement Agreement does not receive the Court's final approval, if the Court's approval is reversed or vacated on appeal, if this Settlement Agreement is terminated as provided herein, or if the settlement set forth in this Settlement Agreement otherwise fails to close, this agreement as to certification of the Settlement Class becomes null and void *ab initio*, and this Settlement Agreement or any other settlement-related statement may not be cited regarding certification of

the Settlement Class, or in support of an argument for certifying a class for any purpose related to this proceeding.

4.     **GOOD FAITH EFFORTS TO EFFECTUATE THIS SETTLEMENT AGREEMENT**

The Parties agree to cooperate with one another in good faith to effectuate and implement the terms and conditions of this Settlement Agreement and to exercise their reasonable best efforts to accomplish the terms of this Settlement Agreement.   This includes Visa Defendants and Mastercard Defendants serving notice on those entities required to receive notice pursuant to 28 U.S.C. § 1715.

5.     **FINAL JUDGMENT AND ORDER OF DISMISSAL AGAINST VISA DEFENDANTS AND MASTERCARD DEFENDANTS**

(a)     Class Plaintiffs shall seek a Final Approval Order and a Final Judgment and Order of Dismissal against Visa Defendants and Mastercard Defendants, the proposed text of which Class Plaintiffs and Visa Defendants and Mastercard Defendants shall agree upon.   The Final Approval Order and Final Judgment and Order of Dismissal submitted for Court approval will include, at a minimum, terms:

(i)     certifying the Settlement Class pursuant to Fed. R. Civ. P. 23(b)(2) and Fed. R. Civ. P. 23(b)(3) solely for the purpose of the settlement;

(ii)     as to the Action, approving fully and finally this settlement and its terms as being a fair, reasonable, and adequate settlement as to the Settlement Class Members within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directing its consummation according to its terms and conditions;

(iii)     finding that the notice given to Settlement Class Members constitutes the best notice practicable under the circumstances and complies in all respects with the valid, due, and sufficient notice requirements of Federal Rule of Civil Procedure 23, and meets the requirements of due process;

(iv)     as to Released Parties, directing that the Action be dismissed with prejudice and, except as provided for in this Settlement Agreement, without costs;

(v)     discharging and releasing the Released Parties from the Released Claims, regardless of whether any such Releasing Party executes and delivers a proof of claim, and without respect to any rights afforded under California Civil Code § 1542 and/or any other similar, comparable, or equivalent laws;

(vi)     permanently barring and enjoining Class Plaintiffs or any Settlement Class Member from (A) instituting or prosecuting any other action against any of the Released Parties as to any of the Released Claims, or (B) assisting any third party in commencing or maintaining any suit against any Released Party related in any way to any of the Released Claims;

(vii)     reserving exclusive jurisdiction over the settlement and this Settlement Agreement, including all future proceedings concerning the administration, interpretation, consummation, and enforcement of this settlement and this Settlement Agreement, to the Court; and

(viii)     determining under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directing that the judgment of dismissal as to the Released Parties shall be final and entered forthwith.

(b)     The Final Judgment and Order of Dismissal shall become final when (i) the Court has entered a final order certifying the Settlement Class for settlement purposes and approving this Settlement Agreement under Federal Rule of Civil Procedure 23(e) and a final judgment dismissing the Action with prejudice as to the Released Parties against all Settlement Class Members and without costs other than those provided for in this Settlement Agreement, and (ii) the time for appeal from the Court's approval of this Settlement Agreement and entry of a final judgment as to the Released Parties described in (i) hereof has expired or, if appealed, approval of this Settlement Agreement and the final judgment as to the Released Parties have been affirmed in their entirety by the Court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review.  It is agreed that the provisions of Rule 60 of the Federal Rules of Civil Procedure shall not be taken into account in determining the above-stated times.

(c)     As of the Execution Date, Class Plaintiffs, Settlement Class Members, Visa Defendants, and Mastercard Defendants shall be bound by the Settlement Agreement's terms and this Settlement Agreement shall not be rescinded except in accordance with the terms of this Settlement Agreement.

## 6.     PRELIMINARY APPROVAL ORDER, NOTICE, AND FAIRNESS HEARING

(a)     As soon as reasonably possible following the Execution Date, Class Lead Counsel shall submit to the Court, and Visa Defendants and Mastercard Defendants shall support, a motion requesting entry of a Preliminary Approval Order.  That motion shall:

(i)     seek preliminary certification of the Settlement Class solely for settlement purposes, pursuant to Fed. R. Civ. P. 23(a), Fed. R. Civ. P. 23(b)(2), and Fed. R. Civ. P. 23(b)(3);

(ii)     request preliminary approval of the settlement set forth in this Settlement Agreement as fair, reasonable, and adequate within the meaning of Fed. R. Civ. P. 23;

(iii)     seek the appointment of Class Plaintiffs as representatives of the Settlement Class, and Class Lead Counsel as counsel for the Settlement Class under Fed. R. Civ. P. 23(g);

(iv)     request authorization to disseminate notice of the settlement and final judgment contemplated by this Settlement Agreement to all potential Settlement Class Members.  The motion shall include:  (1) a proposed form of, method for, and date of dissemination of notice; and (2) a proposed Preliminary Approval Order.  Notice of the settlement shall be as provided in the motion and as approved by the Court, with all expenses paid from the Settlement Fund, subject to the provisions of this Settlement Agreement.  The motion shall recite and ask the Court to find that the method of the notice of settlement to all Settlement Class Members who can be identified upon reasonable effort constitutes valid, due, and sufficient notice to the Settlement Class, constitutes the best notice practicable under the circumstances, and complies fully with the requirements of Federal Rule of Civil Procedure 23 and due process.  The Claims Administrator will also establish and maintain a dedicated settlement website, from which each Settlement Class Member can view and download relevant documents;

(v)     seek appointment of the Claims Administrator;

(vi)     seek appointment of Huntington National Bank as Escrow Agent;

(vii)     request that the Court, pending final determination of whether the Settlement Agreement should be approved, stay all proceedings in the Action against Visa

Defendants and Mastercard Defendants until the Court renders a final decision on approval of the settlement set forth in this Settlement Agreement;

(viii)   request that the Court, pending final determination of whether the Settlement Agreement should be approved, temporarily enjoin each Class Plaintiff and each Settlement Class Member, either directly, representatively, or in any other capacity, from prosecuting in any forum any Released Claim against any of the Released Parties; and

(ix)   attach a proposed form of order, the proposed text of which Class Lead Counsel shall provide to Visa Defendants and Mastercard Defendants at least five (5) business days prior to the submission to the Court of the motion requesting entry of a Preliminary Approval Order.   Class Lead Counsel will consider in good faith any suggestions from Visa Defendants and Mastercard Defendants regarding the proposed form of order.  The form of order will include such provisions as are typical in such orders, including:  (1) setting a date for the Fairness Hearing; (2) a provision indicating that, if final approval of the settlement is not obtained, the settlement is null and void, and the Parties will revert to their positions *ex ante* (as of the Execution Date) without prejudice to their rights, claims, or defenses; (3) stating the substantial litigation risks that the Settlement Class faced in the Action; (4) stating the procedures, which shall be consistent with paragraph 6(d), for Persons falling within the definition of the Settlement Class to exclude themselves from the Settlement Class; (5) requiring that all members of the Settlement Class be bound by all final determinations in the Action concerning the settlement, whether favorable or unfavorable to the members of the Settlement Class; and (6) stating that Visa Defendants and Mastercard Defendants have denied and continue to

16

deny each and all of the claims made by Class Plaintiffs in the Action and have denied and continue to deny liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action.

(b)      Class Notice shall apprise each member of the Settlement Class of his, her, or its right to exclude themselves from, or object to, the settlement.

(c)      Visa Defendants and Mastercard Defendants shall be responsible for providing all notices required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

(d)      Any Person falling within the definition of the Settlement Class may request to be excluded from the Settlement Class ("Request for Exclusion") in accordance with procedures approved by the Court (which, at a minimum, will require a signed writing or substantially similar submission from each individual or entity requesting exclusion that clearly states (i) the individual's or entity's identity with particularity and (ii) his/her/its decision to request exclusion from the Settlement Class in this Action).  Within five (5) business days after the end of the period to request exclusion from the Settlement Class, Class Lead Counsel will cause copies of all Requests for Exclusion from the Settlement Class to be provided to counsel for Visa Defendants and Mastercard Defendants.  With respect to any potential Settlement Class Member who requests exclusion from the Settlement Class, Visa Defendants and Mastercard Defendants reserve all of their legal rights and defenses, including, but not limited to, any defenses relating to whether the excluded Settlement Class Member is a member of the Settlement Class and/or has standing to bring any claim.

(e)      The Parties to this Settlement Agreement contemplate and agree that, prior to final approval of the settlement, Class Plaintiffs will request a Court hearing at which the Court will consider the final approval of this Settlement Agreement.

**7.     EFFECTIVE DATE OF SETTLEMENT**

(a)     The "Effective Date of Settlement" shall be the date when all of the following events shall have occurred and shall be conditioned on the occurrence of all of the following events:

(i)     the Settlement Amount has been contributed to the Settlement Fund pursuant to this Settlement Agreement;

(ii)     entry of the Preliminary Approval Order;

(iii)     final approval by the Court of the settlement set forth in this Settlement Agreement, following Class Notice and the Fairness Hearing;

(iv)     no Party has exercised his, her, or its rights to terminate this Settlement Agreement pursuant to paragraph 15, and all periods for any Party to exercise such rights have expired; and

(v)     entry by the Court of a Final Judgment and Order of Dismissal, and the Final Judgment and Order of Dismissal becomes final pursuant to paragraph 5(b).

(b)     Notwithstanding any other provision herein, any proceeding or order, or motion for reconsideration, appeal, petition for a writ of certiorari or its equivalent, pertaining solely to the Plan of Distribution or Fee and Expense Application, or both, shall not in any way delay or preclude the Effective Date of Settlement.

**8.     CLAIMS ADMINISTRATOR**

(a)     Pursuant to the Preliminary Approval Order, and subject to Court approval, Class Lead Counsel shall engage a qualified Claims Administrator.  The Claims Administrator will assist with the settlement claims process as set forth herein.

(b)      The Claims Administrator shall effectuate the notice plan approved by the Court in the Preliminary Approval Order, shall administer and calculate the claims, and shall oversee distribution of the Net Settlement Fund in accordance with the Plan of Distribution.

(c)      The Claims Administrator also shall assist in the development of the Plan of Distribution and the resolution of any disputes that may be raised by Settlement Class Members regarding the amount that they are owed under the Plan of Distribution.

## 9.      SCOPE AND EFFECT OF SETTLEMENT

(a)      The obligations incurred pursuant to this Settlement Agreement shall be in full and final disposition of:  (i) the Action against Visa Defendants and Mastercard Defendants; and (ii) any and all Released Claims as against all Released Parties.

(b)      Upon the Effective Date of Settlement, each of the Releasing Parties:  (i) shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal, shall have fully, finally, and forever waived, released, relinquished, and discharged (1) all Released Claims against the Released Parties, and (2) any rights to the protections afforded under California Civil Code § 1542 and/or any other similar, comparable, or equivalent laws; (ii) shall forever be enjoined from prosecuting in any forum any Released Claim against any of the Released Parties; (iii) agrees and covenants not to sue, either directly, representatively, or in any other capacity, any of the Released Parties on the basis of any Released Claims or to assist any third party in commencing or maintaining any suit against any of the Released Parties related in any way to any Released Claims; and (iv) represents and acknowledges that, as of the date of Preliminary Approval, any and all competitive issues that were, or could have been, asserted in this litigation have been addressed.

(c)     The releases provided in this Settlement Agreement shall become effective immediately upon occurrence of the Effective Date of Settlement without the need for any further action, notice, condition, or event.

(d)     The Parties shall seek entry by the Court of an order, in the Final Judgment and Order of Dismissal or otherwise, to the extent not prohibited by law, barring claims by any Person against the Released Parties for contribution or indemnification (however denominated) for all or a portion of any amounts paid or awarded in the Action by way of settlement, judgment, or otherwise.

(e)     In the event that this Settlement Agreement is terminated pursuant to paragraph 15, or any condition for the final approval of this Settlement Agreement is not satisfied, the release and covenant not to sue provisions of this paragraph shall be null and void and unenforceable.

## 10.     COOPERATION

(a)     Visa Defendants and Mastercard Defendants will, to the extent permitted by law, work in good faith to furnish information reasonably available to them to assist in the identification of potential Settlement Class Members.  Visa Defendants and Mastercard Defendants further agree to employ reasonable and good faith efforts to cooperate with Class Plaintiffs to ensure the timely production of this information, as well as to determine the specific information to be provided and the format of that information.  Any confidentiality or security concerns Visa Defendants and Mastercard Defendants may have in connection with providing such information will be addressed by Class Plaintiffs in good faith, including by allowing Visa Defendants and Mastercard Defendants to condition their provision of the information upon their approval of the data security and privacy practices of the Claims Administrator handling their information.  In turn, Visa Defendants and Mastercard Defendants will respond in good faith to reasonable inquiries or

requests from the Claims Administrator or Class Plaintiffs that may arise in connection with the notice, claims, or distribution process.  Visa Defendants and Mastercard Defendants agree to employ reasonable and good faith efforts to cooperate with the Claims Administrator and other third party service providers with respect to notice, claims processing, and claims distribution by providing information concerning their capacity to facilitate those third party service providers' efforts to provide notice.  To the extent any disagreements arise as to the information Visa Defendants and Mastercard Defendants agree to provide under this paragraph, the Parties will first attempt to meet and confer in good faith to reach a resolution.  If, following a good faith meet and confer process, the Parties cannot reach a resolution, the Parties agree they will submit the dispute to the Court for resolution in accordance with applicable law.  Nothing in this paragraph, identifying cooperation that Visa Defendants and Mastercard Defendants shall provide to the Claims Administrator, is intended to cause Visa Defendants or Mastercard Defendants to assume the role or responsibilities of the Claims Administrator.  Similarly, nothing in this paragraph is intended to waive any party's rights to seek to impose or oppose any additional obligations with respect to notice, claims, or distribution of the Settlement Amount.

(b)     Except as expressly provided herein, no further discovery shall be allowed to be directed by Class Lead Counsel, Class Plaintiffs, or Settlement Class Members to Visa Defendants or Mastercard Defendants, including any discovery regarding the merits of the Action or in connection with processing claims.

## 11.     FEE AND EXPENSE APPLICATION

(a)     Class Lead Counsel may submit an application or applications to the Court (the "Fee and Expense Application") for distribution to them from the Settlement Fund of (1) an award of attorneys' fees; plus (2) reimbursement of expenses paid by Class Lead Counsel in connection

with prosecuting the Action; plus (3) any interest earned in the escrow account on such attorneys' fees and expenses (until paid) at the same rate and for the same periods as earned by the Settlement Fund, as appropriate, and as may be awarded by the Court (the "Fee and Expense Award").

(b)      The Fee and Expense Award, as approved by the Court, shall be paid solely from the Settlement Fund to an account designated by Class Lead Counsel within thirty (30) days after the granting of the Fee and Expense Award.  The Fee and Expense Award may be disbursed during the pendency of any appeals that may be taken from the Court's judgment approving this Settlement Agreement or the Fee and Expense Award, or both.

(c)      Class Lead Counsel shall allocate the attorneys' fees among themselves in a manner that they believe in good faith reflects the respective contributions of such counsel to the prosecution and settlement of this Action.

(d)      In the event that the order making the Fee and Expense Award is reversed or modified, then Class Lead Counsel shall, within ten (10) business days from receiving notice from Visa Defendants' or Mastercard Defendants' Counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund the Fee and Expense Award or any portion thereof previously paid to them plus interest thereon at the same rate as earned by the account into which the balance of the Settlement Fund is deposited.

(e)      The procedure for, and the allowance or disallowance by the Court of, the application by Class Lead Counsel for attorneys' fees, costs, and expenses to be paid out of the Settlement Fund are not part of this Settlement Agreement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement, and any order or proceeding relating to the Fee and Expense Application, the pendency

of any such application, or any appeal from any such order shall not operate to terminate or cancel this Settlement Agreement, or affect or delay the finality of the judgment approving the settlement.

(f)     Class Lead Counsel may request service awards for each of the two Class Plaintiffs, to be drawn exclusively from the Settlement Fund.

## 12.     THE SETTLEMENT FUND

(a)     The Settlement Fund shall be established as an escrow account at Huntington National Bank and administered by the Escrow Agent, subject to the continuing jurisdiction of the Court.  The Settlement Fund shall be administered pursuant to this Settlement Agreement and subject to the Court's continuing supervision and control.  No monies shall be paid from the Settlement Fund without the specific authorization of Class Lead Counsel, based on prior approval by the Court.  Class Lead Counsel will form an appropriate escrow agreement in conformance with this Settlement Agreement.

(b)     Within twenty-one (21) business days following entry of the Preliminary Approval Order, provided that within two (2) days following entry of the Preliminary Approval Order, Class Lead Counsel shall provide Visa Defendants and Mastercard Defendants with such information as Visa Defendants or Mastercard Defendants may require to complete the necessary wire transfers, Defendants shall cause the payment of $197,500,000.00 to be wired to the Escrow Agent as follows: (i) the Visa Defendants shall cause the payment of  53% of the Settlement Amount (*i.e.*, $104,675,000.00) to be transferred to the Escrow Agent, and (ii) the Mastercard Defendants shall cause the payment of 47% of the Settlement Amount (*i.e.*, $92,825,000.00) to be transferred to the Escrow Agent, in accordance with Visa Defendants' and the Mastercard Defendants' agreement among themselves regarding their respective shares.  These funds, together with any interest earned thereon, shall constitute the Settlement Fund.  In the event that Class Lead Counsel does

not provide Visa Defendants and Mastercard Defendants with the information required to complete the wire transfer within the prescribed time, Visa Defendants' and Mastercard Defendants' payment obligations under this paragraph shall be deferred by an amount of time equivalent to Class Lead Counsel's delay in providing such information.

(c)     In all events, the Released Parties shall have no liability, obligation, or responsibility for the costs or provision of notice, including, but not limited to, the identification of potential members of the Settlement Class, beyond those set forth in paragraphs 10(a) and 12(b) above, and paragraph 12(e)(ii) below; for the solicitation, review, or evaluation of proofs of claim; for the administration of the settlement or disbursement of the Settlement Fund; or for any other costs, including any attorneys' fees and expenses or any taxes or tax-related costs relating to the Action, any Released Claim, or the Settlement Fund.  The Settlement Fund shall be invested exclusively in accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a United States Treasury Fund or a bank account that is either:  (i) fully insured by the Federal Deposit Insurance Corporation; or (ii) secured by instruments backed by the full faith and credit of the United States Government.  The proceeds of these accounts shall be reinvested in similar instruments at their then-current market rates as they mature.  Visa and Mastercard Defendants shall have no responsibility or liability for any losses incurred by the Settlement Fund.

(d)     All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Settlement Agreement and the Plan of Distribution approved by the Court.

(e)     The Settlement Fund shall be applied as follows:

(i)      to pay the Fee and Expense Award, if and to the extent allowed by the Court;

(ii)      to use, if approved by the Court, up to $1,500,000.00 of the Settlement Amount for payment of any Court-approved costs and expenses in connection with providing Class Notice and the administration of the settlement, including, without limitation, identifying potential members of the Settlement Class; soliciting, reviewing, and evaluating proofs of claim or release forms, or both; and administering the settlement and disbursing the Settlement Fund.  If necessary, additional amounts can be used for notice and administration expenses upon the further written agreement of the Parties and approval by the Court, and Visa Defendants and Mastercard Defendants agree to exercise good faith regarding any additional amounts and not to object to reasonable requests to the Court for such additional amounts; in the event Visa Defendants or Mastercard Defendants decline to agree to a request for additional amounts, Class Plaintiffs shall be permitted to apply directly to the Court for approval without Visa Defendants' or Mastercard Defendants' written agreement to the amounts requested (and Visa Defendants and Mastercard Defendants reserve their rights to oppose such an application);

(iii)      to pay the Taxes and tax expenses described in paragraph 14 herein;

(iv)      to pay any other Court-approved fees and expenses; and

(v)      to distribute the balance of the Settlement Fund (the "Net Settlement Fund") to Settlement Class Members as allowed by the Court.

## 13.    ADMINSTRATION OF THE SETTLEMENT

(a)      The Claims Administrator shall process this settlement based upon the orders of the Court and this Settlement Agreement, and, after entry of relevant order(s) of the Court, distribute the Net Settlement Fund in accordance with such order(s) and this Settlement Agreement.

(b)      Except for their obligation to fund the settlement or cause it to be funded as detailed in this Settlement Agreement, Visa Defendants and Mastercard Defendants shall have no liability, obligation, or responsibility for the administration of the settlement or disbursement of the Net Settlement Fund.

(c)      The Net Settlement Fund shall be distributed by the Claims Administrator to, or for the account of, Settlement Class Member claimants, as the case may be, only after the Effective Date of Settlement.

(d)      Class Plaintiffs and Settlement Class Members shall look solely to the Settlement Fund as full, final and complete satisfaction of all Released Claims.  Except as set forth in paragraph 12(b), Visa Defendants and Mastercard Defendants shall have no obligation under this Settlement Agreement or the settlement to pay or cause to be paid any amount of money, and Visa Defendants and Mastercard Defendants shall have no obligation to pay or reimburse any fees, expenses, costs, liability, losses, Taxes, or damages whatsoever alleged or incurred by Class Plaintiffs, by any Settlement Class Member, or by any Releasing Parties, including, but not limited to, by their attorneys, experts, advisors, agents, or representatives, with respect to the Action and Released Claims.  Class Plaintiffs and Settlement Class Members acknowledge that as of the Effective Date of Settlement, the releases given herein shall become effective immediately by operation of the Final Judgment and Order of Dismissal and shall be permanent, absolute, and unconditional.

(e)      Any funds that remain in the Net Settlement Fund after distribution of the Net Settlement Fund in accordance with the Plan of Distribution shall not revert to Visa Defendants or Mastercard Defendants.  Class Plaintiffs shall apply directly to the Court authorizing the *cy pres* distribution of those remaining funds.

14.    **TAXES**

(a)    The Parties agree that the Settlement Fund is intended to be a Qualified Settlement

Fund within the meaning of Treasury Regulations § 1.468B-l, and agree not to take any position

for tax purposes inconsistent therewith.  In addition, Class Lead Counsel shall timely make, or

cause to be made, such elections as necessary or advisable to carry out the provisions of this

paragraph, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to

the earliest permitted date.  Such election shall be made in compliance with the procedures and

requirements contained in such regulations.  The Settlement Fund, less any amounts incurred for

notice, administration, and/or Taxes (as defined below), plus any accrued interest thereon, shall be

returned to Visa Defendants and Mastercard Defendants, as provided in paragraph 15, if the

settlement does not become effective for any reason, including by reason of a termination of this

Settlement Agreement pursuant to paragraph 15.

(b)    For the purpose of 26 U.S.C. § 468B and the Treasury regulations thereunder, Class

Lead Counsel shall be designated as the "administrator" of the Settlement Fund.  Class Lead

Counsel shall timely and properly file, or cause to be filed, all income, informational, and other

tax returns necessary or advisable with respect to the Settlement Fund (including, without

limitation, the returns described in Treasury Regulations § l.468B-2(k)).  Such returns shall be

consistent with this paragraph 14 and in all events shall reflect that all Taxes on the income earned

by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.

(c)    All:  (i) taxes or other similar imposts or charges (including any estimated taxes,

interest, penalties, or additions to tax) arising with respect to the income earned by the Settlement

Fund, including any taxes or tax detriments that may be imposed upon the Released Parties with

respect to any income earned by the Settlement Fund for any period during which the Settlement

Fund does not qualify as a "Qualified Settlement Fund" within the meaning of Treasury Regulations § 1.468B-1 (or any relevant equivalent for state tax purposes); and (ii) other taxes or tax expenses imposed on or in connection with the Settlement Fund (collectively, "Taxes"), shall promptly be paid out of the Settlement Fund by the Escrow Agent without prior order from the Court.  The Escrow Agent shall also be obligated to, and shall be responsible for, withholding from distribution to Settlement Class Members any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes.  The Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph 14.

(d)     Neither the Parties nor their counsel shall have any responsibility for or liability whatsoever with respect to:  (i) any act, omission, or determination of the Escrow Agent, Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement Fund or otherwise; (ii) the Plan of Distribution; (iii) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (iv) any losses suffered by, or fluctuations in the value of, the Settlement Fund; or (v) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.  The Escrow Agent shall indemnify and hold harmless the Parties, using monies from the Settlement Fund, from and against any claims, liabilities, or losses relating to the matters addressed in the preceding sentence.

## 15.     TERMINATION OF SETTLEMENT

(a)     Class Plaintiffs, through Class Lead Counsel, Visa Defendants, through Visa Defendants' Counsel, and Mastercard Defendants, through Mastercard Defendants' Counsel, shall, in each of their separate discretions, have the right to terminate the settlement set forth in

this Settlement Agreement by providing written notice of their election to do so to all other Parties hereto within thirty (30) days of the date on which the following occurs: (1) if the Court, in a final order, declines to enter the Preliminary Approval Order, the Final Approval Order, or the Final Judgment and Order of Dismissal (denying it in its entirety or in any material respect), or (2) if the Court enters the Final Approval Order and the Final Judgment and Order of Dismissal and appellate review is sought and, on such review, the Final Approval Order or the Final Judgment and Order of Dismissal is finally vacated, modified, or reversed; provided, however, that the Parties agree to act in good faith to secure final approval of this settlement, and to attempt to address in good faith concerns regarding the settlement identified by the Court or any court of appeal. Notwithstanding this paragraph, the Court's determination as to the Fee and Expense Application or any plan of distribution, or both, or any determination on appeal from any such orders, shall not provide grounds for termination of this Settlement Agreement or settlement.

(b)     Visa Defendants or Mastercard Defendants may also terminate this Settlement Agreement if 5,000,000 potential members of the Settlement Class, who but for their exclusion would likely have been eligible to receive a distribution from the Settlement Fund, timely and validly exclude themselves from the Settlement Class pursuant to the procedures approved by the Court. Any application to terminate under this paragraph must be made in writing within ten (10) days following the deadline for Persons to exclude themselves from the Settlement Class.

(c)     Except as otherwise provided herein, in the event the Settlement Agreement is terminated in accordance herewith, is vacated, or is not approved, or in the event the Effective Date of Settlement fails to occur for any reason, then the Parties to this Settlement Agreement shall be deemed to have reverted to their respective status in the Action as of the Execution Date, and, except as otherwise expressly provided herein, the Parties shall proceed in all respects as if this

Settlement Agreement and any related orders had not been entered (subject to seeking whatever revisions to the pretrial schedule as may be necessary to protect the rights of the Parties), and any portion of the Settlement Fund previously paid by or on behalf of Visa Defendants or Mastercard Defendants, together with any interest earned thereon (and, if applicable, re-payment of any Fee and Expense Award referred to in paragraph 11 above), less Taxes due, if any, with respect to such income, and less costs of administration and notice actually incurred and paid or payable, shall be returned to the Defendant by or for whom the payment was made within ten (10) business days from the date of the event causing such termination.  At the request of Visa Defendants' Counsel or Mastercard Defendants' Counsel, the Escrow Agent shall apply for any tax refund owed on the Settlement Fund and pay the proceeds to Visa Defendants and Mastercard Defendants.

(d)     Visa Defendants, Visa Defendants' Counsel, Mastercard Defendants, and Mastercard Defendants' Counsel represent that they will not direct Visa Defendants' employees or agents, Mastercard Defendants' employees or agents, or any other persons, to submit or encourage others to submit requests for exclusion from the Settlement Class.

## 16.   MISCELLANEOUS

(a)     The Parties to this Settlement Agreement intend the settlement to be a final and complete resolution of all disputes asserted or that could be asserted by Class Plaintiffs or any Settlement Class Member against the Released Parties with respect to the Action and the Released Claims.  Accordingly, Class Plaintiffs and Visa Defendants and Mastercard Defendants agree not to assert in any judicial proceeding that the Action was brought by Class Plaintiffs or defended by Visa Defendants or Mastercard Defendants in bad faith or without a reasonable basis.  The Parties further agree not to assert in any judicial proceeding that any Party violated Fed. R. Civ. P. 11. The Parties agree that the amount paid and the other terms of the settlement were negotiated at

arm's-length in good faith by the Parties, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel and the Mediator.

(b)     The Settlement Amount to be paid by Visa Defendants and Mastercard Defendants pursuant to this Settlement Agreement shall be treated as strictly confidential until such time as a motion requesting entry of the Preliminary Approval Order has been filed with the Court, unless Visa Defendants or Mastercard Defendants have an independent obligation to disclose the Settlement Amount or disclosure is jointly agreed to by Visa Defendants, Mastercard Defendants, and Class Plaintiffs before filing a motion requesting entry of the Preliminary Approval Order.

(c)     The terms and provisions of the Stipulated Protective Order, filed on January 20, 2017, and approved by the Court on January 30, 2017, shall survive and continue in effect through and after any final adjudication of the Action.

(d)     Nothing in this Settlement Agreement is intended to waive any right to assert that any information or material is protected from discovery by reason of any individual or common interest privilege, attorney-client privilege, work product protection, or other privilege, protection, or immunity, or is intended to waive any right to contest any such claim of privilege, protection, or immunity.

(e)     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

(f)     The administration and consummation of the settlement as embodied in this Settlement Agreement shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders relating to the Fee and Expense Application and the Plan of Distribution, and enforcing the terms of this Settlement Agreement.

(g)     For the purpose of construing or interpreting this Settlement Agreement, Class Plaintiffs and Visa Defendants and Mastercard Defendants agree that it is to be deemed to have been drafted equally by all Parties hereto and shall not be construed strictly for or against any Party.

(h)     This Settlement Agreement shall constitute the entire agreement between Class Plaintiffs and Visa Defendants and Mastercard Defendants pertaining to the settlement of the Action against Visa Defendants and Mastercard Defendants and supersedes any and all prior and contemporaneous undertakings of Class Plaintiffs and Visa Defendants and Mastercard Defendants in connection therewith.  All terms of this Settlement Agreement are contractual and not mere recitals.  The terms of this Settlement Agreement are and shall be binding upon each of the Parties hereto, their heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns, and upon all other Persons claiming any interest in the subject matter hereto through any of the Parties hereto including any Settlement Class Members.

(i)     The terms of this Settlement Agreement are not severable, but are interdependent and have been agreed to only as a whole by Class Plaintiffs (for themselves individually and on behalf of each Settlement Class Member in the Action), Visa Defendants, and Mastercard Defendants.

(j)     This Settlement Agreement may be modified or amended only by a writing executed by Class Plaintiffs, through Class Lead Counsel, Visa Defendants, through Visa Defendants' Counsel, and Mastercard Defendants, through Mastercard Defendants' Counsel, subject (if after preliminary or final approval by the Court) to approval by the Court.  Amendments

and modifications may be made without notice to the Settlement Class unless notice is required by law or by the Court.

(k)     Nothing in this Settlement Agreement constitutes an admission by any Released Party as to the veracity or merits of any allegations or claims made in the Action, the validity of any defenses that could be asserted by Visa Defendants or Mastercard Defendants, or the appropriateness of certification of any class other than the Settlement Class under Fed. R. Civ. P. 23 solely for settlement purposes.  This Settlement Agreement is without prejudice to the rights of Visa Defendants and Mastercard Defendants to either (i) challenge the Court's certification of any class, including the Settlement Class, in the Action should the Settlement Agreement not be approved or implemented for any reason; or (ii) oppose any certification or request for certification in any other proposed or certified class action; or both.

(l)     All terms of this Settlement Agreement shall be governed by and interpreted according to the substantive laws of New York without regard to its choice-of-law principles.

(m)     Visa Defendants, Mastercard Defendants, Class Plaintiffs, their respective counsel, and the Settlement Class Members hereby irrevocably submit to the exclusive jurisdiction of the United States District Court for the District of Columbia, for any suit, action, proceeding or dispute arising out of or relating to this Settlement Agreement or the applicability of this Settlement Agreement, including, without limitation, any suit, action, proceeding, or dispute relating to the release provisions herein.

(n)     The Parties acknowledge that this Settlement Agreement makes no determination as to which Settlement Class Members are entitled to distribution from the Settlement Fund, or as to the formula for determining the amounts to be distributed.

(o)    Any proposed plan of distribution is not a necessary term of this Settlement Agreement and it is not a condition of this Settlement Agreement that any particular plan of distribution be approved.  The Plan of Distribution is a matter separate and apart from the settlement between the Parties and any decision by the Court concerning a particular plan of distribution shall not affect the validity or finality of the proposed settlement, including the scope of the release.

(p)    This Settlement Agreement may be executed in counterparts by Class Plaintiffs, Visa Defendants, and Mastercard Defendants, and a facsimile or PDF signature shall be deemed an original signature for purposes of executing this Settlement Agreement.

(q)    Class Plaintiffs, Visa Defendants, and Mastercard Defendants acknowledge that they have been represented by counsel and have made their own investigations of the matters covered by this Settlement Agreement to the extent they have deemed it necessary to do so. Therefore, Class Plaintiffs, Visa Defendants, Mastercard Defendants, and their respective counsel agree that they will not seek to set aside any part of this Settlement Agreement on the grounds of mistake.  Moreover, Class Plaintiffs, Visa Defendants, Mastercard Defendants, and their respective counsel understand, agree, and expressly assume the risk that any fact may turn out hereinafter to be other than, different from, or contrary to the facts now known to them or believed by them to be true, and further agree that this Settlement Agreement shall be effective in all respects notwithstanding and shall not be subject to termination, modification, or rescission by reason of any such difference in facts.

(r)    Each of the undersigned attorneys represents that he/she is fully authorized to enter into the terms and conditions of, and to execute, this Settlement Agreement, subject to Court approval; and the undersigned Class Lead Counsel represent that they are authorized to execute

this Settlement Agreement on behalf of Class Plaintiffs.  Each of the undersigned attorneys shall

use his/her best efforts to effectuate this Settlement Agreement.

IN WITNESS WHEREOF, the Parties hereto, through their fully authorized

representatives, have agreed to this Settlement Agreement as of the date first herein written above.

**On behalf of Class Plaintiffs and the
Settlement Class:**

STEVE W. BERMAN
HAGENS BERMAN SOBOL SHAPIRO
LLP
1301 Second Avenue
Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

ADAM B. WOLFSON
QUINN EMANUEL URQUHART &
SULLIVAN LLP
865 S. Figueroa St.
10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
adamwolfson@quinnemanuel.com

STEVEN A. SKALET
MEHRI & SKALET, PLLC
2000 K Street, NW
Suite 325
Washington, DC 20006
Telephone: (202) 822-5100
Facsimile: (202) 822-4997
sskalet@findjustice.com

**On behalf of Visa Defendants:**

MATTHEW A. EISENSTEIN
ARNOLD & PORTER KAYE SCHOLER
LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
matthew.eisenstein@arnoldporter.com

**On behalf of Mastercard Defendants:**

KENNETH A. GALLO
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
kgallo@paulweiss.com

35