```
 1                  UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
 2

 3    * * * * * * * * * * * * * * *   )
      LYNNE BARTRON, et al.,           )    Civil Action
 4                                     )    No. 11-01831
                 Plaintiffs,           )
 5                                     )
        vs.                            )
 6                                     )
      VISA, INC., et al.,              )    Washington, D.C.
 7                                     )    January 23, 2025
                 Defendants.           )    4:27 p.m.
 8                                     )
      * * * * * * * * * * * * * * *   )
 9

10
                     TRANSCRIPT OF FAIRNESS HEARING
11              BEFORE THE HONORABLE RICHARD J. LEON
                     UNITED STATES DISTRICT JUDGE
12

13
      APPEARANCES:
14
      FOR THE PLAINTIFFS:      BEN M. HARRINGTON, ESQ.
15                             HAGENS, BERMAN, SOBOL, SHAPIRO, LLP
                               715 Hearst Avenue
16                             Suite 202
                               Berkeley, California 94710
17
                               CYRUS MEHRI, ESQ.
18                             MEHRI & SKALET, PLLC
                               2000 K Street, Northwest
19                             Suite 325
                               Washington, D.C. 20006
20
      FOR THE VISA             MATTHEW EISENSTEIN, ESQ.
21      DEFENDANTS:            ROSEMARY SZANYI, ESQ.
                               ARNOLD & PORTER KAYE SCHOLER, LLP
22                             601 Massachusetts Avenue, Northwest
                               Washington, D.C. 20001
23
      FOR THE MASTERCARD       NINA M. KOVALENKO, ESQ.
24          DEFENDANTS:        PAUL, WEISS, RIFKIND, WHARTON &
                                 GARRISON, LLP
25                             1285 Avenue of the Americas
                               New York, New York 10019
```

```
1    REPORTED BY:           LISA EDWARDS, RDR, CRR
                            Official Court Reporter
2                           United States District Court for the
                              District of Columbia
3                           333 Constitution Avenue, Northwest
                            Room 6706
4                           Washington, D.C. 20001
                            (202) 354-3269
```

```
 1                    THE COURTROOM DEPUTY:  We're on the record in
 2       Civil Action 11-1831, Lynne Bartron, et al., versus Visa,
 3       Inc., et al.
 4                    Starting with Plaintiffs' counsel, please approach
 5       the podium and state your appearance for the record.
 6                    MR. HARRINGTON:  Good afternoon, your Honor.  Ben
 7       Harrington of Hagens, Berman for the Mackmin Plaintiffs.
 8                    THE COURT:  Welcome.
 9                    MR. MEHRI:  Good afternoon, your Honor.  Cyrus
10       Mehri.  I'm with the Plaintiffs' side.
11                    THE COURT:  Welcome.
12                    MR. MEHRI:  Good to see you.
13                    MR. EISENSTEIN:  Good afternoon, your Honor.  Matt
14       Eisenstein from Arnold & Porter on behalf of Visa.
15                    THE COURT:  Welcome.
16                    MS. SZANYI:  Good afternoon, your Honor.  Rosemary
17       Szanyi, also from Arnold & Porter, on behalf of Visa.
18                    THE COURT:  Welcome.
19                    MS. KOVALENKO:  Good afternoon, your Honor.  Nina
20       Kovalenko from the law firm Paul, Weiss, Rifkind, Wharton &
21       Garrison, on behalf of the MasterCard Defendants.
22                    THE COURT:  Welcome.
23                    All right, counsel.  We're here for a fairness
24       hearing.  I understand from the pleadings that there are no
25       witnesses that you're intending to introduce.  Is that
```

```
 1    correct?
 2             Mr. Harrington?
 3             MR. HARRINGTON:  That's correct.
 4             THE COURT:  There's no one objecting to this?
 5             MR. HARRINGTON:  There's been no objections, your
 6    Honor.
 7             THE COURT:  No objections.
 8             Is that also the impression from the Defendants'
 9    side?
10             MR. EISENSTEIN:  Yes, your Honor.
11             THE COURT:  You have to come to the podium.  Help
12    my court reporter.
13             MR. EISENSTEIN:  Thank you, your Honor.
14             Yes.  That's correct, your Honor.
15             THE COURT:  So there's no witnesses, then, that
16    need to be presented today?
17             MR. HARRINGTON:  Correct.
18             THE COURT:  Now, obviously, the Court's role is to
19    determine that it's a fair, adequate and reasonable
20    agreement that's been reached.  And certainly it seems that
21    way to me at this point.
22             The only issues I had when I read through the
23    pleadings was related to the attorney's fees.
24             MR. HARRINGTON:  Okay.
25             THE COURT:  It seemed a little generous.  I should
```

```
 1   say that.
 2              MR. HARRINGTON:  Okay.  Let me --
 3              THE COURT:  I appreciate this case has been
 4   litigated over a very lengthy period of time and I
 5   appreciate that it included an appeal to the Supreme Court
 6   and lots of subpoenas and depositions and class
 7   certification.
 8              Of course, I did a lodestar cross-check, which is
 9   customary in our court.  And the amount you're asking for,
10   30 percent, now that the pot has grown to 197 million, is an
11   extremely large pot.  And $30 percent is 59 million,
12   roughly.  That's spread over three firms.  I appreciate
13   that.  It's been going on a long time.
14              The lodestar calculation, using current rates,
15   current -- I can't help but notice there's no one from
16   Quinn, Emanuel here today.  That's kind of curious.
17              MR. HARRINGTON:  Mr. Wilson had a trial he had to
18   attend to.
19              THE COURT:  Well, he had a team that included
20   people besides him.  They could have been sitting here.  I
21   might have questions for them.
22              But the lodestar, using the current rate, is 30
23   million.  It's $30,592,419.  That's a long way from 59
24   million.
25              MR. HARRINGTON:  It's -- the multipliers are 2.73,
```

1   your Honor.  And in our experience and in the cases we cite
2   in our papers, courts, including in this district, do
3   approve multipliers exceeding 4 percent even.  So we're
4   certainly below that benchmark.
5            THE COURT:  It's still very generous.
6            MR. HARRINGTON:  I will say another factor.  I
7   want the Court to be mindful of the amount of risk this case
8   involved.
9            THE COURT:  The amount of what?
10           MR. HARRINGTON:  The amount of risk for counsel.
11  So it's -- part of it is the duration, but this was a very
12  expensive case to litigate.  So as you know, we retained
13  Professor Carlton as our expert.  The expenses in this case
14  which we think were necessary to get to where we are
15  exceeded $14 million, spread over 14 years.  That is a lot
16  of risk to take on, even for big plaintiff's firms.
17           Like I said, I do think we needed to incur that
18  expense to get there, but it's a factor that I think should
19  come into play when considering what fee should be rewarded.
20           THE COURT:  I'm considering that.  I'm considering
21  that.  I'm not certainly suggesting that I'm going to award
22  just the 30,592,000, the lodestar calculation.  I'm not
23  suggesting that.  But I'm not sure in my mind whether 30
24  percent is fair under the circumstances.  So I'm weighing
25  that, you know.  I'll weigh it after today and I'll take it

1    into consideration, the point you just made.

2                MR. HARRINGTON:  Understood.

3                If I can make one more point.

4                THE COURT:  Sure.  Go ahead.

5                MR. HARRINGTON:  Another -- I think one precedent

6    the Court may want to look to is the *Vitamins* case that

7    Judge Hogan decided.  There, it's -- from our research, it's

8    probably the most comparable case in terms of the size.

9    It's a $360 million settlement, where attorney's fees were

10   awarded at 33 percent of the settlement fund.  So we're

11   asking for less.  We're asking for 30.

12               In terms of the recovery, in terms of how much the

13   class recovered in relation to their single damages, we did

14   a lot better in this case.  There, the class recovered about

15   23 percent of the single damages they could have recovered

16   at trial.  We have a range here, depending on which damage

17   model is used, but we have a range between 23 -- it depends

18   on which model you use.  But if you look at both settlements

19   combined, our recovery in this case ranges from 23 percent

20   to 38 percent of total single damages, so substantially

21   higher than what was awarded there and much above -- the

22   typical benchmark in an antitrust case is around 19 percent.

23   So we've done -- in terms of recovery, we've done quite well

24   here.

25               And Judge Hogan went into a lot of the factors

1    courts consider in larger settlements, where sometimes they
2    had to call a megafund and how should courts be looking at
3    fee awards in that case, raising some of the concerns you've
4    raised just about the size of the award, given the size of
5    the settlement.
6            THE COURT:  Well, that's money out of the pockets
7    of the fund recipients.
8            MR. HARRINGTON:  True.  I mean, I think that's
9    going to be the case in any settlement.  I think the
10   question is whether or not the amount should be reduced
11   because the settlement is large.
12           And, you know, one way of looking at it, the way
13   Judge Hogan described it, is if you dock fees, in that
14   instance you're in essence penalizing lawyers for having
15   achieved a great result and maybe not sending the right
16   incentives about what settlement to pursue in a case.
17           THE COURT:  I understand. I don't see any chance
18   of disincentiving plaintiff's lawyers coming out of this.  I
19   don't see any risk of that occurring.  And I'm not talking
20   about, like I said, going down from 59 million to 30
21   million.  I'm not suggesting anything of that magnitude.  Of
22   course not.
23           MR. HARRINGTON:  Understood.
24           THE COURT:  But, you know, perhaps a few
25   percentage points below 30 might be more fair and equitable

```
 1    under the circumstances.  I haven't made a final decision
 2    yet.  But there's that, and the expenses.  I think you
 3    need -- I've already given you 10 million towards the
 4    expenses.
 5              MR. HARRINGTON:  That's right.  And so --
 6              THE COURT:  So I think you can feel confident
 7    you'll get the remaining four.
 8              MR. HARRINGTON:  Okay.  I appreciate that.
 9              THE COURT:  I wouldn't worry about that.  It's
10    just a question about attorney's fees and where it should
11    come out.  I need to give that a little more reflection --
12              MR. HARRINGTON:  Understood.
13              THE COURT:  -- under the circumstances.
14              Like I say, we're talking about a couple of
15    percentage points.  Maybe 3 or 4 percentage points',
16    something like that, difference from the 30 percent that you
17    are advocating.
18              MR. HARRINGTON:  Understood.
19              I just would direct the Court to the *Vitamins* case
20    as a useful comparator.
21              THE COURT:  I'm familiar with it.  I've had a lot
22    of big class-action cases.  *In Re:  Fannie Mae Securities*
23    *Litigation* --
24              MR. HARRINGTON:  Of course.
25              THE COURT:  -- and a bunch of others.
```

1          I already gave you 30 percent for your earlier
2  settlement, but that was with a much smaller fund.  Now the
3  fund is much larger.  And I think it's not uncommon when one
4  gets this large to get something a little more equitable.
5  I'll take a look.
6          MR. HARRINGTON:  Understood.
7          THE COURT:  Do you have any issues you want to
8  bring to the Court's attention today?
9          MR. HARRINGTON:  Just the service award request
10 for the class representatives is the other relief we've
11 requested.  We've requested $10,000 for the service awards
12 for the class --
13         THE COURT:  That seems very reasonable and fair.
14         MR. HARRINGTON:  Okay.
15         THE COURT:  I don't think there are any problems
16 with that.
17         MR. HARRINGTON:  Okay.
18         THE COURT:  That'll be okay.
19         MR. HARRINGTON:  Understood.
20         Well, if there's anything else we can submit on
21 the fees, if your Honor wants more authority or has
22 questions, we're of course happy to submit anything that
23 would be useful.
24         THE COURT:  I'll get in touch with you if I need
25 some more information.

```
 1                 MR. HARRINGTON:  Understood.
 2                 THE COURT:  There's already enough paper in this
 3     case.
 4                 MR. HARRINGTON:  That I agree with.
 5                 THE COURT:  There has been over a long time.
 6                 Does defense counsel have anything they want to
 7     bring to the Court's attention or any thoughts they have?
 8                 Thank you, sir.
 9                 MR. EISENSTEIN:  Nothing further, your Honor.
10     Thank you very much.
11                 THE COURT:  Okay.  Well, the good news, of course,
12     is -- the real good news is that we had very fine lawyers on
13     both sides of the aisle, which makes the judge's job always
14     easier.
15                 MR. HARRINGTON:  We appreciate that.
16                 THE COURT:  And as I can see from the results that
17     have been obtained, it's a fair, reasonable and adequate
18     solution to this very big case, very big problem, which has
19     been going on for over a decade.  So it's nice to get to the
20     finish line --
21                 MR. HARRINGTON:  Agreed.
22                 THE COURT:  -- or pretty close.  We're in the
23     right zone, probably at about the two- or three-yard line.
24                 So unless you have some other issues or problems
25     you want to bring to the Court's attention --
```

```
 1              MR. HARRINGTON:  Nothing further.
 2              THE COURT:  -- I congratulate both sides for your
 3    hard work and your strong results for your clients in this
 4    situation.
 5              We'll stand adjourned.
 6              MR. HARRINGTON:  Thank you, your Honor.
 7              MR. EISENSTEIN:  Thank you, your Honor.
 8              (Proceedings concluded.)
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

**CERTIFICATE**

I, LISA EDWARDS, RDR, CRR, do hereby certify that the foregoing constitutes a true and accurate transcript of my stenographic notes, and is a full, true, and complete transcript of the proceedings produced to the best of my ability.

Dated this 26th day of January, 2025.

/s/ Lisa Edwards, RDR, CRR
Official Court Reporter
United States District Court for the
  District of Columbia
333 Constitution Avenue, Northwest
Washington, D.C. 20001
(202) 354-3269