IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANDREW MACKMIN, *et al.*,

    *Plaintiffs*,

v.

VISA INC., *et al.*,

    *Defendants*.

Civil Action No. 11-1831 (RJL)

## MEMORANDUM ORDER
June 20th, 2025 [Dkt. #295]

This action involves a putative class, led by plaintiffs Andrew Mackmin and Sam Osborn, who allege that defendants Visa and Mastercard engaged in anti-competitive conduct. After over a decade of litigation, the parties have reached a settlement. Before the Court is plaintiffs' Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses ("Mot.") [Dkt. #295]. For the reasons stated below, and upon consideration of the pleadings, the arguments and representations made at the Fairness Hearing, the relevant statutes and case law, and the entire record herein, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.

Plaintiffs request that the Court award $59,250,000 in attorneys' fees to class counsel, which is equivalent to 30% of the $197,500,000 common fund (prior to the deduction of expenses). Mot. at 1. In our Circuit, "a percentage-of-the-fund method is the appropriate mechanism for determining the attorney fee awards in common fund cases." *Swedish Hosp. Corp. v. Shalala*, 1 F.3d 1261, 1271 (D.C. Cir. 1993). To

evaluate the fee request, I examine the following factors:

> (1) the size of the fund created and the number of persons benefited, (2) the presence or absence of substantial objections by class members to the settlement terms or fees requested by counsel, (3) the skill and efficiency of the attorneys involved, (4) the complexity and duration of litigation, (5) the risk of nonpayment, (6) the time devoted to the case by plaintiffs' counsel, and (7) awards in similar cases.

*In re Fannie Mae Securities Litig.*, 4 F. Supp. 3d 94, 110–11 (D.D.C. 2013).

In applying these factors, I find they weigh in favor of a substantial reward. There is no doubt that class counsel includes firms and attorneys with extensive experience in complex class actions and antitrust litigation. *See* Joint Decl. of Steve Berman and Adam Wolfson ("Joint Decl.") [Dkt. #295-2] ¶¶ 71–84; Decl. of Steven Skalet ("Skalet Decl.") [Dkt. #295-15] ¶¶ 2–5. Since 2011, counsel has billed over 32,000 hours and incurred over $14 million in litigation expense, all of which were at risk since reimbursement was entirely contingent on successful litigation. *See* Mot. at 22–23, 27; Joint Decl. ¶¶ 52–53, 59–60. Moreover, no class members objected to the fee request. Mot. at 24.

Still, the size of the fund and awards in similar cases weigh heavily against the requested fee amount. In our Circuit, and nationally, "a majority of common fund class action fee awards fall between twenty and thirty percent." *Swedish Hosp. Corp.*, 1 F.3d at 1272. But, when common funds become very large, attorney fees awards tend to be a lower percentage, usually under 20%. *See In re Black Farmers Discrimination Litig.*, 856 F. Supp. 2d 1, 39 (D.D.C. 2011) ("Where the common fund is worth many millions or even billions of dollars—in so-called 'megafund' cases—an appropriate fee may be

considerably less than twenty percent of the fund."); *In re Vitamins Antitrust Litig.*, 2001 WL 34312839, at *10 (D.D.C. July 16, 2001) ("In cases regarded as 'mega-fund' cases, *i.e.* recoveries of $100 million plus, fees of fifteen percent are common.").

The other antitrust and complex class actions that plaintiffs identified, including my previous fee award in this case, do not support a 30% fees award here. *See* Mot. at 15–16. *First*, while I did award class counsel 30% of the common settlement fund when plaintiffs settled with Bank of America, Chase, and Wells Fargo, the present common fund is almost three times larger ($66.74 million versus $197 million)—a mega-fund. *See* Order Granting Mot. for Attorney Fees (Aug. 8, 2022) [Dkt. #260] at 1. *Second*, plaintiffs' reliance on *In re Vitamins* is misplaced. *See* Mot. at 2, 13, 15, 16. There, the court described the 33.7% fee award as "ostensibly disproportionate." 2001 WL 34312839, at *9–10. But the court explained that class counsel negotiated the attorneys' fee funds separately after the parties had already agreed upon the class recovery amounts, and that "the attorneys' fee [did] not diminish the recovery of the settlement class." *Id.* at *12. That is not the case here. Class counsels' fee will significantly diminish the recovery of the settlement class. *Finally*, in the other cases that plaintiffs identified where my colleagues granted 30% (and higher) fee awards, the common funds were *significantly* smaller than the one presently before the Court. *See Bynum v. D.C.*, 412 F. Supp. 2d 73, 81 (D.D.C. 2006) ($12 million); *In re Lorazepam & Clorazepate Antitrust Litig.*, 2003 WL 22037741, at *3 (D.D.C. June 16, 2003) ($35 million); *In re APA Assessment Fee Litig.*, 311 F.R.D. 8, 13 (D.D.C. 2015) ($9.02 million); *In re Ampicillin Antitrust Litig.*, 526 F. Supp. 494, 495 (D.D.C. 1981) ($7.3 million).

Given the size of the common fund, I find that a 25% fee award is reasonable. A "lodestar cross-check," although not required, confirms that the award is reasonable. *See In re Fannie Mae*, 4 F. Supp. 3d at 113 & n.20. Applying a lodestar crosscheck, the total fee award for the case—including the requested fees here and the $20,022,000 from the Bank Defendant settlements—results in a 2.39 multiplier of class counsels' lodestar at current billing rates ($29,062,978).

As to litigation expenses, class counsel seeks reimbursement for the remainder of their out-of-pocket litigation expenses. Mot. at 26–29. No class member has objected to plaintiffs' expenses request. *Id.* at 24. Though these expenses are high, I find them appropriate given the complexity and duration of the litigation, especially where (as here) experts were necessary to assist counsel in analyzing data. Joint Decl. ¶¶ 59-67, Exs. 3, 6, 8, 10; Skalet Decl. ¶ 8, Ex. A. I am also satisfied that class counsel reasonably expended the costs in the course of their work on behalf of the class members. *Id.* Accordingly, the Court will award the requested $4,322,524 in expenses to class counsel.

Finally, plaintiffs request a $10,000 service award to each of the two class representatives. Mot. at 29–30. "Courts routinely compensate named plaintiffs for the services provided and the risks incurred during class action litigation." *Little v. Wash. Metro. Area Transit Auth.*, 313 F. Supp. 3d 27, 39 (D.D.C. 2018). Here, the class representative devoted substantial time to the case for over a decade. Joint Decl. ¶¶ 68–70; Decl. of Andrew Mackmin [Dkt. #295-20] ¶¶ 2–7; Decl. of Sam Osborn [Dkt. #295-21] ¶¶ 2–7. Therefore, I find these awards reasonable.

Accordingly, for the reasons stated above, it is hereby

**ORDERED** that class counsel are awarded attorneys' fees of $49,375,000 together with a proportional share of interest earned on the Settlement Fund for the same time period until disbursed to class counsel; it is further

**ORDERED** that class counsel are awarded reimbursement of their litigation costs and expenses in the amount of $4,322,524; it is further

**ORDERED** Class Representatives Andrew Mackmin and Sam Osborn shall each receive a service award of $10,000; it is further

**ORDERED** that the attorneys' fees award, reimbursement of litigation costs and expenses, and the service awards shall be paid from the Settlement Fund and the interest earned thereon.

*[signature]*
RICHARD J. LEON
United States District Judge