IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANDREW MACKMIN, et al.,
Plaintiffs,

v.

Defendants.

Civil Action No. 1:11-cv-01831-RJL

---

**MOTION FOR RECONSIDERATION PURSUANT TO FED. R. CIV. P. 59(e) AND 60(b), AND TO COMPEL DISTRIBUTION OF CLAIM PAYMENT**

The Honorable Richard J. Leon
United States District Court for the District of Columbia

---

COMES NOW, Claimant Mardell Coleman, and respectfully moves this Court for reconsideration of the determination issued in connection with Claim No. 145478674, pursuant to Federal Rules of Civil Procedure 59(e) and 60(b), and further requests that the Court compel the Claims Administrator to issue payment without further delay. In support of this Motion, Claimant states as follows:

## I. BACKGROUND

1. Claimant filed Claim No. 145478674 on September 22, 2024.
2. On that same date, Claimant contacted the Claims Administrator to report issues encountered during the filing process.
3. Claimant has remained in continuous communication with the Claims Administrator since that time.
4. At no time during this period was Claimant informed that the claim was considered late or deficient.
5. In or around September 2025, Claimant was informed by the Claims Administrator that no claim could be located.
6. This was the first indication that Claimant's submission had not been properly processed or recorded.
7. Following this notification, and in direct reliance on the Claims Administrator's instructions, Claimant resubmitted the claim by mail and provided supporting email correspondence documenting the original filing and prior communications.
8. The present denial arises from this administrative failure to properly receive, record, or process Claimant's timely submission.

RECEIVED
APR 9 2026
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

## II. FACTUAL BASIS

9. During the relevant period, Claimant was traveling extensively both domestically and internationally.
10. As a direct result, Claimant incurred numerous out-of-network ATM fees consistent with such travel.
11. These transactions were reasonable, expected, and fully consistent with Claimant's circumstances.
12. The determination issued fails to properly account for this context.

## III. LEGAL STANDARD

13. Reconsideration under Rule 59(e) is appropriate to correct clear error or prevent manifest injustice. *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996).
14. Rule 60(b)(1) permits relief based on "mistake, inadvertence, surprise, or excusable neglect," including administrative or clerical errors. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 388 (1993).
15. Relief is particularly appropriate where a party has relied on a flawed or misleading administrative process. *Computer Prof'ls for Soc. Responsibility v. U.S. Secret Serv.*, 72 F.3d 897, 903 (D.C. Cir. 1996).
16. Rule 60(b)(6) permits relief where necessary to achieve justice under extraordinary circumstances. *Klapprott v. United States*, 335 U.S. 601, 615 (1949).

## IV. GROUNDS FOR RECONSIDERATION

17. Claimant timely filed the claim on September 22, 2024, and contemporaneously reported filing issues.
18. The Claims Administrator's inability to locate the claim in September 2025 constitutes clear evidence of administrative error or mishandling under Rule 60(b)(1).
19. Claimant reasonably relied on the Claims Administrator's instructions, including resubmitting the claim by mail, further supporting relief.
20. The failure to notify Claimant of any issue with the claim for an extended period, despite ongoing communication, constitutes procedural unfairness.
21. The determination disregards material facts, including Claimant's documented travel and ATM usage, constituting clear error under Rule 59(e).
22. Denial of the claim under these circumstances results in manifest injustice, as Claimant complied with all requirements and acted diligently at all times.

## V. PATTERN OF MISHANDLING

23. This matter is not isolated.
24. Multiple individuals have reported similar issues involving mishandling of claims.
25. Public postings on social media reflect a pattern of egregious conduct in the administration of claims.
26. This broader pattern supports the need for judicial review and corrective action.

## VI. FAILURE OF COMMUNICATION AND OVERSIGHT

27. Attorneys representing claimants in related matters have been contacted via email and telephone without response.
28. This lack of communication reflects a breakdown in oversight and accountability.

## VII. REQUEST FOR RELIEF

WHEREFORE, Claimant respectfully requests that this Court:

A. Grant reconsideration pursuant to Fed. R. Civ. P. 59(e) and 60(b);
B. Find that the claim was timely submitted on September 22, 2024;
C. Determine that the denial resulted from administrative error, mishandling, and/or failure of the claims process;
D. Direct that the claim be approved based on the full factual record; and
E. **Compel the Claims Administrator to issue payment immediately without further delay.**

Claimant further requests any additional relief the Court deems just and proper.

---

Respectfully submitted,

Mardell Coleman

1155 N. Courtenay Pkwy, Apt #D72

Merritt Island, FL 32953

305-537-8000

Mardicoleman@gmail.com

---

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion was provided to all relevant parties, including the Claims Administrator and counsel of record.

Date: April 7, 2026

Mardell Coleman